577 A.2d 240

**Patrick O. McDONALD and Melinda McDonald, his wife, Appellants,**

v.

**ZONING BOARD OF ADJUSTMENT and the City of Philadelphia, and Lisa B. Wallenstein and Francine L. Marcus, Appellees.**

Commonwealth Court of Pennsylvania.

Argued May 3, 1990.

Decided July 11, 1990.

Arthur S. Cavaliere, Cavaliere and Skale, P.C., for appellants.

Thomas J. Wamser, Deputy City Sol., with him, Laureto A. Farinas, for appellee, Zoning Bd. of Adjustment and City of Philadelphia.

Robert H. Nemeroff, with him, Gary Jaffe, Jaffe & Nemeroff, PC for appellees, Lisa B. Wallenstein and Francine L. Marcus.

Before CRAIG and PALLADINO, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

Patrick and Melinda McDonald (Appellants) appeal from an order of the Court of Common Pleas of Philadelphia County (trial court) affirming a decision of the Zoning Board of Adjustment of the City of Philadelphia (Board) affirming the issuance of two building permits to Lisa B. Wallenstein and Francine L. Marcus (Landowners). We affirm.

Landowners own property located in an R–2 residential zoning district. Pursuant to a building permit issued by the Department of Licenses and Inspections (Department) on June 23, 1988, Landowners built a four-foot retaining wall and filled and regraded their rear yard to approximately the top of the retaining wall. Landowners applied to the Department for a building permit to build a six-foot fence on top of the retaining wall, which permit was issued on July 1, 1988.

Appellants, who are neighbors of Landowners, appealed the issuance of both permits to the Board on July 7, 1988. The Board held a hearing, after which it affirmed the issuance of the permits.[1] Appellants appealed to the trial court which affirmed without taking additional evidence.

On appeal to this court,[2] Appellants contend (1) that the construction of the retaining wall violates the Environmental Controls of the Wissahickon Watershed (Watershed Controls) in the Philadelphia Zoning Code (Code) and (2) that the Board erred in permitting the construction of a ten-foot fence.

Section 14–1603(5) of the Code provides: "No building permit shall be issued unless the [Planning] Commission shall have certified to the Department of Licenses and Inspections that the proposed development conforms to the requirements of [the Watershed Controls]." Landowners sought and received approval of the Planning Commission. Appellants argue that the retaining wall violates the Watershed Controls. In particular, Appellants contend that the construction of the retaining wall involved earth moving where the natural slope of the land was greater than twenty five percent in violation of Section 14–1603(4)(b) of the Code.[3] However, Appellants have provided no credible

1. At the time of the hearing before the Board, both the retaining wall and the fence had been constructed.

2. Where the trial court takes no additional evidence, our scope of review is limited to a determination of whether the Board abused its discretion or committed an error of law. *Kassouf v. Zoning Hearing Board of Scott Township,* 112 Pa. Commonwealth Ct. 182, 535 A.2d 261 (1987).

3. Section 14–1603(4)(b)(.1) of the Code provides:

Where the natural slope of land is twenty-five (25) percent or greater, no site clearing or earth moving activity be [sic] permitted.
Earth moving activity is defined in Section 14–1603(3)(e) of the Code as:

Any construction or other activity which disturbs the surface of the land including embankments, land development, subdivision development, mineral extraction and the moving, deposition or storing of soil, rock or earth.
Slope is defined in Section 14–1603(3)(g) of the Code as:

evidence that the retaining wall in any way violates the Watershed Controls.[4]  Consequently, no violation of the Watershed Controls has been demonstrated.

■ As to the second issue, the Code provides that fences in the rear or at the side of a lot in an R–2 district may be no more than six feet in height.  The Code further provides that "[r]etaining walls shall be considered as fences and controlled under this paragraph to the same extent that such walls protrude above the *actual ground level* at the highest point of such walls."  Section 14–231(4)(c) of the Code (emphasis added).

Appellants contend that the construction of a six-foot fence on top of a four-foot retaining wall is an illegal ten-foot fence.  The problem in this case is that from Appellants' property, there appears to be a ten-foot fence; the four-foot retaining wall plus the six-foot fence.  However, because the top of the retaining wall is approximately even with the ground level of Landowners' property, the top of the fence is only six feet over the ground level of Landowners' property.

■ The dispute in this case revolves around whether the "actual ground level" in Section 14–231(4)(c) of the Code refers to the ground level of Landowners' property or Appellants' property.  When interpreting an ambiguity in a zoning ordinance, courts should interpret the regulations so that they are least restrictive of land use.  *Appeal of Heller*, 101 Pa. Commonwealth Ct. 564, 516 A.2d 859 (1986).  In this case, the Department and the Board have both interpreted Section 14–231(4)(c) to refer to the ground level

The change in elevation between two points as indicated by a ratio obtained by dividing the horizontal distance between the two points into the difference in their vertical elevation.

4. The Board specifically rejected the testimony presented by Appellants to prove that the project violated the Watershed Controls.  Finding of Fact 5.  The Board, as finder of fact, is the sole judge of credibility of witnesses.  *Abbey v. Zoning Hearing of the Borough of East Stroudsburg*, 126 Pa. Commonwealth Ct. 235, 559 A.2d 107 (1989).  We will not interfere with the credibility determinations of the Board.

on the higher side of the retaining wall. We note that this interpretation gives Landowners the least restrictive use of the land. We conclude that the Board did not err in determining that the retaining wall was a fence only to the extent that it extended above Landowners' property.

Accordingly, the order of the trial court is affirmed.

Former President Judge CRUMLISH, Jr., did not participate in the decision in this case.

## ORDER

AND NOW, July 11, 1990, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.