592 A.2d 1385

**James M. NEILL**

v.

**BEDMINSTER TOWNSHIP ZONING HEARING BOARD.**

**Appeal of BEDMINSTER TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued March 7, 1991.

Decided June 6, 1991.

366

Mary C. Eberle, Perkasie, for appellant.

James M. Neill, appellee, pro se.

Before CRAIG, President Judge, and PALLADINO, J., and BARRY, Senior Judge.

PALLADINO, Judge.

Bedminster Township (Township) appeals an order of the Court of Common Pleas of Bucks County (trial court) which reversed a Township Zoning Hearing Board's (Board) decision and remanded to the Board with directions to grant the application of James M. Neill (Neill) for a special exception use, subject to reasonable conditions the Board deemed appropriate.

Neill owns a 30 acre tract of land which was previously used as a children's camp and currently contains a number of uninhabited buildings. Neill submitted an application to the Board for a special exception use to convert seven of the existing buildings into dwelling units under Section 405(B)(10) of the Township Ordinance.[1]

---

1. Section 405(B)(10) provides for "Residential Conversion" uses which it defines as "[t]he conversion of an existing building into two or more dwelling units or the conversion of an accessory building into one or more dwelling units." Section 405(B)(10) also enumerates conditions

Following a hearing, at which Neill was the sole witness, the Board described Neill's application as follows:

This matter has been before the [Board] many times in the past and the [Board] is completely familiar with, and most importantly, the present condition of the purported buildings on the property in question. This most recent request comes before the [Board] by reason of [Neill's] request for special exception to permit the conversion of these rather dilapidated buildings into some sixteen (16) dwelling units. Specifically, [Neill] proposed and submitted to the Board a rehabilitation schedule for the buildings on the property as follows:

| Building | No. of Units | Bedrm./Unit | Bedrm./Bldg. |
|---|---|---|---|
| 1777 House | 2 | 2 | 4 |
| Manor House | 2 | 3 | 6 |
| Rancher 1 | 2 | 2 | 4 |
| Rancher 2 | 2 | 2 | 4 |
| Barn | 2 | 3 | 6 |
| Gym | 5 | 2 | 10 |
| Cottage | 1 | 2 | 2 |
| TOTALS | 16 | . | 36 |

Board's Decision at 3–4. The Board concluded that Neill's application could not be approved under Section 405(B)(10) because (1) the existing buildings were in such a state of disrepair that they could not be "converted" but could only be "rebuilt or rehabilitated;" (2) Section 405(B)(10) was primarily intended to provide for the conversion of large farmhouses not a children's camp; (3) Neill seeks approval for an apartment complex which he may later attempt to subdivide into individual lots as a nonconforming use.

Neill appealed to the trial court. Township exercised its right to intervene as of course under Section 1004–A of the

on residential conversion related to: the outer appearance of structures, sewage systems, cooking and sanitary facilities, parking, parking lot blinds, trash receptacle blinds, minimum yard requirements, and minimum per unit floor area.

Pennsylvania Municipalities Planning Code (MPC).[2] Without receiving additional evidence, the trial court concluded that Neill's proposed use did fall within Section 405(B)(10). The trial court further stated:

> As long as an applicant has met all the requirements of the section, the Board must grant his request. Here, it appears to us that [Neill] has either already met the requirements or guaranteed that those remaining (such as obtaining septic permits, screening the parking area, and setting aside the necessary recreational/patio area) will be complied with. We find the Board's denial of [Neill's] request for a special exception to be an abuse of discretion and error of law.

*IN RE: Appeal of JAMES M. NEILL from the Decision of the Bedminster Township Zoning Hearing Board* (No. 90–0078–09–5, filed August 3, 1990), slip op. at 7. The trial court reversed the Board's decision and remanded to the Board with instructions to grant the special exception subject to reasonable conditions the Board deemed appropriate.

On appeal to this court,[3] Township raises the following issues: (1) whether Neill's proposed use falls within Section 405(B)(10) of the Ordinance; and (2) whether the trial court erred by directing the Board to grant the special exception because Neill allegedly failed to meet the enumerated conditions of Section 405(B)(10).

As to the first issue, Township asserts that the singular article "an" in Section 405(B)(10) limits the number of conversions envisioned by Section 405(B)(10) to one conversion per lot. Township contends that Neill's proposal to convert seven buildings on one lot does not fall within Section 405(B)(10).

**2.** Act of July 31, 1968, P.L. 805 *as amended,* added by Section 101 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11004–A.

**3.** Our scope of review in a zoning appeal in which the trial court has not taken additional evidence is limited to a determination of whether the board has manifestly abused its discretion or committed an error of law. *Cope v. Zoning Hearing Board of South Whitehall Township,* 134 Pa.Commonwealth Ct. 236, 578 A.2d 1002 (1990).

■ Whether a proposed use, as factually described in an application or in testimony, falls within a given category specified in a zoning ordinance is a question of law and subject to review on that basis. *Appeal of Ethken Corporation*, 89 Pa.Commonwealth Ct. 612, 493 A.2d 787 (1985). As to the construction of the Ordinance, Article II, Section 200(2) of the Township Ordinance provides: "For the purposes of this Ordinance words and terms used herein shall be interpreted as follows.... (b) The singular includes the plural." Accordingly, we reject Township's contention that the use of a singular term restricts the applicability of Section 405(B)(10).

However, reading the terms of Section 405(B)(10) in the plural still does not clarify whether a residential conversion use includes only the conversion of one building per lot or also the conversion of more than one building per lot. Neither Section 405(B)(10) nor the Ordinance as a whole addresses this issue.

■ Where a term in an ordinance is ambiguous or undefined, this court must construe the term broadly so as to give the landowner the benefit of the least restrictive use. *Appeal of Shirk*, 114 Pa.Commonwealth Ct. 493, 539 A.2d 48 (1988). It is an abuse of discretion for a board to narrow the terms of an ordinance and further restrict the use of property. *Id.* We hold that the Board abused its discretion by narrowing the term "residential conversion" so as to further restrict Neill's use of his property.

■ As to the second issue, Township states that even if Neill's proposed use falls within Section 405(B)(10), Neill had the burden of proving compliance with the enumerated conditions on a Section 405(B)(10) conversion. Township asserts that Neill failed to prove compliance with the minimum rear and side yard requirements, the approval of sewage systems requirement, the screening of parking area and trash receptacles requirements, and the minimum recreation/patio area requirement. Township argues that because Neill failed to prove compliance with these conditions,

the trial court erred by directing the Board to approve the special exception.

Neill contends that he presented evidence that he would conform to each condition of Section 405(B)(10). Neill quotes the trial court's opinion which states "Here, it appears to us that [Neill] has either already met the requirements or guaranteed that those remaining ... will be complied with." *Appeal of JAMES M. NEILL,* slip op. at 7.

Whether Neill's proposal meets the conditions of Section 405(B)(10) is a question of fact. While the Board made some findings of fact, it made no findings as to whether Neill complied with Section 405(B)(10).

Section 1005–A of the MPC, 53 P.S. § 11005–A, permits a trial court to make findings of fact only if the record did not include any findings of fact or if the trial court took additional evidence itself or through a referee.[4] Because neither of these preconditions is present, the trial court could not make findings of fact. Consequently, although the trial court attempted to make findings of fact related to compliance, this was the Board's function and the Board did not make these findings.

We conclude that because the record lacks crucial findings as to whether Neill's proposed plan complies with these conditions, the trial court erred in ordering the Board to grant Neill's application. These factual questions must be considered by the Board on remand prior to a decision as to whether the application should be approved.

Accordingly, we affirm the trial court order in part and remand to the trial court with instructions to have the Board make findings of fact on compliance consistent with this opinion on the existing record.

---

**4.** *See Zoning Hearing Board of Indiana Township v. Weitzel,* 77 Pa.Commonwealth Ct. 108, 465 A.2d 105 (1983); and *Appeal of Philadelphia Center for Developmental Services, Inc.,* 76 Pa.Commonwealth Ct. 1, 462 A.2d 962 (1983). These cases were based on Section 1010 of the MPC, added by Section 19 of the Act of June 1, 1972, P.L. 330, formerly 53 P.S. § 11010, repealed by Section 100 of the Act of December 21, 1988, P.L. 1329. Section 1005–A of the MPC contains language substantially identical to the repealed section.

## ORDER

AND NOW, June 6, 1991, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is affirmed in part and the case is remanded to the Court of Common Pleas of Bucks County to have the Bedminster Township Zoning Hearing Board make findings of fact on compliance consistent with this opinion on the existing record.

Jurisdiction relinquished.