636 A.2d 1266

**Abraham A. CONSTANTINO, Jr., and Rose C. Constantino, Appellants,**

v.

**ZONING HEARING BOARD OF The BOROUGH OF FOREST HILLS and Borough Of Forest Hills (Two Cases).**

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1993.

Decided Jan. 11, 1994.

298

Joseph J. Chester, for appellants.

Sanford Kelson, for appellees.

Before CRAIG, President Judge and McGINLEY, J., NARICK, Senior Judge.

CRAIG, President Judge.

Abraham and Rose Constantino (landowners) appeal from two orders of the Court of Common Pleas of Allegheny County which affirmed decisions of the Zoning Hearing Board of the Borough of Forest Hills, which determined that a fence and gate erected by the landowners pursuant to two construction permits violated § 702 of the Borough of Forest Hills Zoning Ordinance which limits fences to no more than five feet in height. Additionally, the trial court affirmed the board's decision denying the landowners' request for a special exception or variance.

## HISTORY OF CASE

On June 19, 1991, the borough manager issued Building Permit No. 1246–A to the landowners for construction of a masonry and iron grill fence approximately 161 feet in length and not exceeding five feet in height for the rear portion of

their lot located at 6 Carmel Court. The permit specifically stated that "[n]o portion of said fence shall exceed 5' in height and no sharp points." On October 8, 1991, the borough building inspector issued Permit No. 1274 to the landowners for the construction of a masonry and iron grill fence with gates, fronting on Filmore Road. The document stated that the "permit only authorizes the installation of a 5' foot high fence.... No lights or any portion of fence shall exceed 5' in height from existing grade level."

## First Zoning Hearing Board Decision

On November 25, 1991, the building inspector issued a notice of enforcement to the landowners informing them that portions of their fence, as erected, exceeded five feet in height.

The landowners appealed the enforcement notice to the board. At the hearing, three portions of the fence were the subject of testimony. Those portions included the northeast corner, portions of the fence parallel to Filmore Road and the gate posts. The board determined that numerous portions of the fence exceeded five feet in height. The board did not agree with the landowners' contention that once final grading is complete, the fence would comply with the height limitations. Additionally, the board denied the landowners' request for a variance or special exception. The board ordered the homeowners to amend the fence to comply with the ordinance.

The landowners appealed to the Court of Common Pleas of Allegheny County, which affirmed the decision of the board on April 5, 1993.

## Second Zoning Hearing Board Decision

Earlier, on August 5, 1992, the Forest Hills building inspector had also sent an enforcement notice to the landowners informing them that the gate erected by them exceeded five feet in height. On September 4, 1992, the landowners appealed the enforcement notice to the board.

After a hearing, the board affirmed the enforcement action taken by the borough. The board determined that the gate, which is part of the fence, exceeded the five-foot height limitation contained in the building permit and also prohibited by § 702 of the ordinance. Additionally, the board denied the landowners' request for a special exception or variance. The landowners appealed to the Court of Common Pleas of Allegheny County, which affirmed the board's decision on April 29, 1993.

The landowners appealed the trial court's order of April 5, 1993 which involves the height of the fence, and the trial court's order of April 29, 1993 which involves the height of the gate, to this court, which consolidated the appeals.

## ANALYSIS

Initially we note that section 702 of the Forest Hills zoning ordinance provides, in pertinent part:

702 FENCES, WALLS AND LANDSCAPING: Except as provided in § 304.4, § 304.6 and § 703.4, fences or walls no more than five (5) feet in height may placed [sic] in a side yard or rear yard.

### Northeast Corner

The borough introduced pictures at the board hearing showing a borough official measuring the northeast corner of the fence. A measuring rod, positioned on the exterior portion of the fence, shows that the fence measures nine feet, four inches in height. The board determined that this portion of the fence is built on an inclined grade. Thus, the height of the fence differs depending on whether the fence is measured from the exterior or the interior.

Although that evidence apparently supports the board's finding, the landowners contend that the borough erred in measuring the fence from the exterior rather than the interior. Although the landowners may view only a five-foot fence from

their vantage point, the outside of the fence, built on their property, exceeds the five-foot height limitation.

In *McDonald v. Zoning Board of Adjustment,* 133 Pa.Commonwealth Ct. 664, 577 A.2d 240 (1990), McDonald challenged the issuance of two building permits which permitted an adjacent landowner to construct a retaining wall and a fence. The landowner constructed a four-foot retaining wall and filled and regraded the yard to the top of the retaining wall. Thereafter, the landowner built a six-foot fence on top of the retaining wall.

The Philadelphia Zoning Code provided that fences in rear lots could not exceed six feet in height. McDonald argued that the landowner's construction of a six-foot fence on top of a four-foot retaining wall constituted an illegal ten-foot fence. Although McDonald viewed a ten-foot fence from his neighboring vantage point, the landowners viewed a fence that measured six feet from their ground level.

In that case, section 14–231(4)(c) of the Philadelphia Code provided that "[r]etaining walls shall be considered as fences and controlled under this paragraph to the same extent that such walls protrude above the actual ground level at the highest point of such walls." Thus, this court addressed the issue of whether "actual ground level" referred to the ground level on the constructing landowner's side or the ground level on the objecting neighbor's side. This court determined that the retaining wall was a fence to the extent that it extended above the landowner's ground level.

In contrast to *McDonald,* the landowners in this case did not request a permit for the construction of a retaining wall, nor do they characterize any portion of their fence as a retaining wall. Thus, the landowners must comply with the fence provisions contained in their permit and the ordinance which limits fences to five feet in height. Although the landowners contend that the inside of the fence measures five feet above grade, the exterior of the fence, built on their

property, exceeds five feet above the ground level, and that exterior dimension is governing.

## Gateposts

■ Photographs of a borough official measuring the height of the gateposts, show that the gateposts exceed five feet. Although the gateposts measure eight feet, four inches in height, the landowners contend that, after the final grading is complete, the gateposts will comply with the ordinance and building permit.

However, to comply with the ordinance, the landowners would have to cover the exposed brick with more than three feet of soil, in order to have only five feet (of the 8′ 4″ height) remain above grade. According to the plan submitted by them to the borough for the building permit, eight inches of brick, as well as two feet of concrete base and footer (under the brick), lie below the finished grade. (*See* Attachment A at end of this opinion.) The borough picture shows only brick above the measuring base grade. Thus, after the landowners finish the grade according to the plan, by adding eight inches of soil covering finished brick, the gateposts still will not comply with the height restriction. Hence, there is also evidentiary support of the board's finding of a violation.

## Filmore Road

■ The borough introduced photos of a borough official measuring that portion of the fence parallel to Filmore Road. Portions of the fence, as shown on those photos, reach heights between five feet, two inches and five feet, four inches. Again, the landowners argue that upon completion of the final grade, this portion of the fence will comply with the height limitation. We agree.

As previously stated, the plans submitted by the landowners illustrate that eight inches of the finished brick lies underneath the finished grade. Thus, unlike the gateposts and northeast section of the fence, once the grading is complete,

the Filmore Road section of the fence will comply with the ordinance.

### Gate

██ The landowners do not dispute the board's finding that the gate exceeds five feet in height. However, the landowners contend that the center portion of the gate, which according to measurements taken by the borough, totals eight feet, seven inches, is ornamental and not functional and therefore may exceed the five-foot height limitation. We disagree.

Permit No. 1274, issued for the construction of a brick wall with a wrought iron fence, five feet high, with gates, was approved by the building inspector with the following limitations: "Permits only authorizes the installation of a 5' foot high fence. . . . No lights or *any portion of fence* shall exceed 5' in height from existing grade level." (Emphasis added.) Thus, the gate, which is part of the enclosure, i.e., part of the fence, as indicated by the drawing submitted by the homeowners for the building permit, is limited to five feet.

██ Finally, the landowners contend that the board erred in denying their request for a variance with respect to the fence and gates. Section 806.5(a)–(e) of the Forest Hills zoning ordinance and the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11201, provide for variances in cases where an unnecessary hardship related to the condition of the land and not created by the landowner prevents the reasonable development of the property. In this case, the height of the landowners' fence and gate is under the control of the landowners, and they point to no conditions of the land which prevents compliance.

Accordingly, the decision of the trial court at No. S.A. 3989–92, which determined that the landowners' gate exceeds the height permitted by their building permit and the zoning ordinance is affirmed. Additionally, the decision of the trial court at No. S.A. 1244–92, which determined that the landowners fence violates their building permit and the zoning ordi-

nance is affirmed with respect to the northeast portion of the fence and the gateposts. The decision of the trial court is reversed as to that portion of the fence parallel to Filmore Road.

## ORDER

NOW, January 11, 1994, the order of the Court of Common Pleas of Allegheny County at No. S.A. 3989–92, dated April 29, 1993 is affirmed.

The order of the Court of Common Pleas of Allegheny County at No. S.A. 1244–92, dated April 5, 1993, is affirmed with respect to the northeast portion of the fence and the gateposts. The decision of the trial court is reversed as to that portion of the fence parallel to Filmore Road.

## ATTACHMENT A