644 A.2d 284

**HORNSTEIN ENTERPRISES, INC., Appellant,**

**v.**

**BOARD OF SUPERVISORS OF FORKS TOWNSHIP**

Commonwealth Court of Pennsylvania.

Argued May 12, 1994.

Decided June 17, 1994.

James G. Kellar, for appellant.

Karl H. Kline, for appellee.

Before KELLEY and NEWMAN, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Hornstein Enterprises, Inc. (Hornstein) appeals from the October 22, 1993 order of the Honorable William F. Moran of the Court of Common Pleas of Northampton County, denying Hornstein's appeal from the February 20, 1993 decision of the Board of Supervisors of Forks Township (Board). The Board had denied Hornstein's curative amendment challenge to the constitutionality of the Township's Zoning Ordinance.

 The issue before us is whether, at the time of Hornstein's application, the Township's Zoning Ordinance unconstitutionally excluded mobile home park development in the Township.[1] Because we agree that mobile home parks were permitted as Planned Residential Developments (PRDs)[2] in all of the Township's residential districts, we affirm.

## Background

Hornstein sought to develop a 430 unit mobile home park on a 110 acre tract of land located in an R–12, medium density residential district. In November 1990, Hornstein filed a curative amendment application and substantive challenge to the Zoning Ordinance alleging that the ordinance unconstitutionally excluded or failed to provide for a fair share of mobile home park development.

1. Our scope of review, where, as here, the Court of Common Pleas took no additional evidence, is limited to determining whether the Board committed an error of law or an abuse of discretion. *Overstreet v. Zoning Hearing Board of Schuylkill Township*, 152 Pa.Commonwealth Ct. 90, 618 A.2d 1108 (1992).

2. Under the Township's Zoning Ordinance, a PRD is defined as follows:
An area of land, controlled by a landowner, to be developed as a single entity for a number of dwelling units, the development plan for which does not correspond in lot size, bulk or type of dwelling, density, lot coverage, and required open space to the regulations established in any one residential district created, from time to time, under the provisions of the Forks Township Zoning Ordinance of 1968, as amended....
(R.R. at 459a.)

The Board rejected Hornstein's challenge. Reviewing all of the Township's relevant ordinances, including the then effective PRD Ordinance, the Board held that the Township's Zoning Ordinance expressly permitted mobile home parks as PRDs in the Township's residential districts. Further, because a substantial portion of Township land was available for mobile home park PRDs, the Board held that the Township had provided for its fair share of mobile home park housing.

The court agreed with the Board that a determination of a *de jure* exclusion requires an examination of all of the Township's land use regulations. Although the court found that the Zoning Ordinance, standing alone, did not specifically provide for mobile home parks, the court agreed with the Board's holding that the PRD Ordinance permitted mobile home parks as PRDs in *all* of the Township's residential districts. The court rejected Hornstein's argument that the subsequently enacted Zoning Ordinance repealed the PRD Ordinance. Further, the court found no *de facto* exclusion because over 35% of the Township's land was available for mobile home park development.

On appeal to this Court, Hornstein again argues that the PRD Ordinance was repealed by the Zoning Ordinance. Specifically, Hornstein contends that the Zoning Ordinance repealed both the prior zoning ordinance and its amendments, which included the PRD Ordinance. In the alternative, Hornstein argues that the PRD Ordinance did not provide for mobile home parks, i.e. that the list of permitted PRD uses, which did not include mobile home parks, was exclusive. Further, relying on *Environmental Communities of Pennsylvania, Inc. v. North Coventry Township*, 49 Pa.Commonwealth Ct. 167, 412 A.2d 650 (1980), Hornstein argues that a mobile home park is not merely a collection of mobile homes and that the right to have a mobile home does not confer the right to build a mobile home park. Hornstein does not challenge the Board's determination (assuming that mobile home parks were permitted under the PRD ordinance) that the Township has provided for its fair share of mobile home park development.

## Discussion

 A zoning ordinance is presumptively constitutional; a challenger to an ordinance has a heavy burden to prove otherwise. *Overstreet v. Zoning Hearing Board of Schuylkill Township,* 152 Pa.Commonwealth Ct. 90, 618 A.2d 1103 (1992). The challenger can rebut this presumption by showing that the ordinance completely excludes a legitimate use. *Id.* A mobile home park is a legitimate use which may not be wholly barred by zoning regulations without justification. *Borough of Malvern v. Jackson,* 108 Pa.Commonwealth Ct. 248, 529 A.2d 96 (1987).

 At the outset, we dispense with Hornstein's argument that the PRD Ordinance, adopted in 1972, was repealed by the 1983 Zoning Ordinance, which repealed the prior zoning ordinance and its amendments. Hornstein's argument presumes that the PRD Ordinance was an amendment to the prior zoning ordinance. However, as noted by the court, the Municipalities Planning Code, effective at the time, authorized the adoption of a PRD ordinance distinct from the municipality's zoning ordinance.[3] Further, and more importantly, the 1983 Zoning Ordinance specifically provides that "[PRDs] are regulated by the Forks Township Ordinance No. 109 as amended [the PRD Ordinance]." (R.R. at 459a.)

 Thus, reviewing the PRD Ordinance in conjunction with the Zoning Ordinance and other relevant enactments, we conclude that the Board properly determined that mobile home parks were permitted in the Township as PRDs. We emphasize, as did the Board, that the Township's Comprehensive Land Use Plan, which sets forth proposed land use

---

**3.** Section 702 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10702. That section of the MPC provided that "[t]he governing body of each municipality may enact, amend and repeal *ordinances* fixing the standards and conditions for planned residential development." 53 P.S. § 10702 (Emphasis added). In 1988, this section was amended and reenacted to read, "[t]he governing body of each municipality may enact, amend and repeal *provisions within a zoning ordinance* fixing standards and conditions for planned residential development." 53 P.S. § 10702 (Emphasis added).

patterns for the Township, states that a primary consideration for the development of the Township is to provide for a variety of housing *types* and densities. Under the Plan, mobile home parks are to "be developed in accordance with good design principles in their own community environments, incorporating facilities and utilities to suit their specialized needs." (Exhibit D–22 at 11.)

The Zoning Ordinance specifically defines a mobile home as a "detached single occupancy dwelling unit" and a mobile home park as "a parcel of land which has been planned and improved for the placement of mobile homes." (R.R. at 459a.) Although the Zoning Ordinance contains no other reference to mobile homes or mobile home parks, we believe that mobile home parks were incorporated into the Township's zoning scheme under the PRD Ordinance.

The list of permitted residential uses under the PRD Ordinance included "single family detached dwellings." (R.R. at 500a.) Based on the definition of a mobile home contained in the Zoning Ordinance (detached single occupancy dwelling unit),[4] we conclude that a mobile home was a permitted use under the PRD Ordinance. Because the PRD Ordinance permitted a PRD composed *entirely* of single family detached dwellings, the ordinance permitted a PRD composed entirely of mobile homes.[5]

[4] We note also that the definition of a mobile home under the MPC is consistent with the concept of a single family detached dwelling. Section 107, 53 P.S. § 10107 ("a transportable, single family dwelling intended for permanent occupancy, contained in one unit...").

[5] With respect to the required housing mix, the PRD ordinance provides:

> The percentage mixture of residential uses in each P.R.D. shall be composed of at least twenty (20%) per cent single family detached dwellings and not more than fifty (50%) per cent of any of the other permitted residential uses set forth immediately above in this Subsection 311.

(R.R. at 500a.) We, therefore, distinguish *McKown v. Board of Supervisors of East Fallowfield Township*, 104 Pa.Commonwealth Ct. 428, 522 A.2d 159 (1987), *aff'd*, 518 Pa. 467, 544 A.2d 446 (1988), relied upon by Hornstein, in which the required housing mix in the PRD district permitted a maximum of only 55% of mobile homes.

Our case, is therefore, analogous to *Colonial Park for Mobile Homes, Inc. v. New Britain Township,* 47 Pa.Commonwealth Ct. 459, 408 A.2d 1160 (1979), in which we determined that a municipality's PRD provisions may provide an appropriate means for developing mobile home parks.[6] We reach the same result in our case, particularly where the PRD ordinance provides, among other density and lot size guidelines, that a PRD site may contain up to six dwelling units per acre and permits commercial uses within the PRD.

As a result, we hold that Hornstein failed to meet its burden of showing that the Township's land use regulations unconstitutionally excluded mobile home park development in the Township. Accordingly, we affirm the order of the court.

### *ORDER*

**AND NOW,** this 17th day of June, 1994, the order of the Court of Common Pleas of Northampton County, dated October 22, 1993, at No. 1992–C–1658 is hereby affirmed.

---

**6.** In *Colonial Park,* as in the case at bar, we determined that although the municipality's zoning ordinance did not specifically permit mobile home park development, the mobile home park use was within the type of housing contemplated by the municipality's PRD provision. We, therefore, distinguish our recent opinion of *Collins v. Upper Salford Township Board of Supervisors,* 162 Pa.Commonwealth Ct. 403, 639 A.2d 861, (1994), in which we determined that a municipality's zoning ordinance, which did not specifically permit or prohibit mobile home parks, clearly did not contemplate, as alleged, mobile home park development in districts designed for commercial and industrial uses.