# Newtown Land Limited Partnership v. Zoning Hearing Board of Newtown Township

■■■■■■■■■■■■■■■■■■■■■■■■■■■■

C.P. of Bucks County, nos. 94-09644-22-5 and 94-09643-20-5.

*Marc B. Kaplin,* for appellant.
*James J. Auchinleck,* for Newtown and Wrightstown Townships Zoning Hearing Boards.
*Stephen B. Harris,* for Newtown Township.
*Terry W. Clemons,* for Wrightstown Township.

McANDREWS, *J.,* January 19, 1996—This opinion is written pursuant to an appeal by Newtown Land Limited Partnership from the joint decisions issued by the zoning hearing boards of Newtown and Wrightstown townships regarding appellant's challenge to the validity of the Joint Municipal Zoning Ordinance for Newtown Township, Upper Makefield Township, and Wrightstown Township, Bucks County, Pennsylvania. On November 17, 1994, the zoning hearing boards of Newtown and Wrightstown townships, in separate decisions, based on the same record, denied NLLP's challenge to the validity of the JMZO, determining that, contrary to NLLP's assertion, there was neither a de facto nor de jure exclusion of mobile homes or mobile home parks in the joint municipal planning area at issue in this case. Separate notices of appeal were filed by NLLP on December 14, 1994, and the appeals have been consolidated before the court. Oral argument on this issue was held on October 27, 1995.

The record from the some 23 hearings held between August 1992 and September 1994, before the zoning hearing boards of Newtown and Wrightstown townships

reveals the following facts. Appellant NLLP is the equitable owner of a 73.81 acre parcel of undeveloped land located adjacent to Stoopville Road in Bucks County, Pennsylvania. 48.54 acres of the land is located within Newtown Township and 25.27 acres is located within Wrightstown Township. Newtown Township and Wrightstown Township are part of a joint municipal zoning region, which includes the municipalities of Newtown Township, Wrightstown Township, Upper Makefield Township, and Newtown Borough. In 1983, these municipalities enacted a joint municipal zoning ordinance.

On June 9, 1992, NLLP submitted a challenge to the validity of the JMZO, specifically consisting of six separate bases for challenging the constitutionality of the JMZO pursuant to section 916.1 of the Pennsylvania Municipalities Planning Code, 53 Pa.C.S. §10916.1. NLLP seeks to develop the parcel of land as a 361-unit mobile home subdivision and/or mobile home park. The six challenges to the JMZO allege that:

(1) The JMZO does not permit mobile homes on separately subdivided lots constituting a de jure exclusion of mobile homes.

(2) Costs associated with placing mobile homes in compliance with the ordinance constitute a de facto exclusion of mobile homes.

(3) The JMZO does not permit mobile home parks as a separate use constituting a de jure total exclusion.

(4) There are no sites within the municipalities which can be developed as a mobile home park in an economically feasible manner, resulting in de jure exclusion of mobile homes.

(5) Inadequate areas are dedicated to mobile home parks to constitute fair share, resulting in a de facto exclusion.

(6) The mobile home park regulations of the JMZO are unconstitutionally restrictive.

The zoning hearing boards of Newtown and Wrightstown townships rendered findings of fact and conclusions of law denying appellant's challenges and determining that the JMZO is not de jure unconstitutional and, further, that there was neither a de facto nor de jure exclusion of mobile homes or mobile home parks in the joint planning area. Appellant filed a timely appeal with this court from those decisions. For the reasons set forth below, the court both agrees with and accepts the findings and conclusions of the zoning hearing boards of Newtown and Wrightstown townships, specifically the determinations that there is neither a de facto nor de jure exclusion of mobile homes or mobile home parks in the joint municipal planning area at issue in this case.

Preliminarily, the court notes that, where no new or additional evidence is taken by the court, its scope of review of a zoning board's action is limited to whether the zoning hearing board manifestly abused its discretion or committed an error of law. See *e.g., Cope v. Zoning Hearing Board of South Whitehall Township,* 134 Pa. Commw. 236, 578 A.2d 1002 (1990). An abuse of discretion will be found only where the findings of the zoning hearing board are not supported by substantial evidence. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 555, 462 A.2d at 640.

The court also notes that, because a zoning ordinance is presumed to be valid and constitutional, the challenger has a heavy burden to prove otherwise. *Overstreet v. Zoning Hearing Board of Schuylkill Township,* 152 Pa. Commw. 90, 618 A.2d 1108 (1992). The challenger can rebut this presumption if he demonstrates that the ordinance in question completely excludes a legitimate use. *Overstreet, supra; Meyers v. Board of Supervisors of Lower Makefield Township,* 38 Pa. Commw. 578, 394 A.2d 669 (1978). Then, the burden shifts to the municipality to show that the regulations substantially relate to the community's health, safety, and general welfare. *Overstreet, supra; Meyers, supra.* The Commonwealth Court has repeatedly held that mobile home parks are a legitimate land use. *Id.*

The court agrees with the conclusions drawn by the boards in their written decisions. There has been no de jure exclusion of mobile homes or mobile home parks. As defined by section 251 of the JMZO, a mobile home is a "transportable, single-family dwelling intended for permanent occupancy, office or place of assembly . . . ." The board determined that a mobile home is a dwelling under the JMZO and, in addition, that, when used as a residence, a mobile home falls within the definition of a single-family detached dwelling. The Commonwealth Court has already held that mobile homes as "detached single occupancy dwelling units" are "single-family detached dwellings" and are permitted anywhere single-family detached dwellings are permitted. See *e.g., Hornstein Enterprises Inc. v. Board of Supervisors of Forks Township,* 165 Pa. Commw. 162, 644 A.2d 284 (1994). As in the *Hornstein Enterprises* case, the ordinance at issue in this matter defines a mobile home as a "transportable single-family

dwelling" and, accordingly, is permitted anywhere a single-family detached dwelling is permitted. Thus, since mobile homes were permitted as a matter of right, there was no de jure exclusion of mobile homes in that case. Similarly, there is no de jure exclusion of mobile home parks under the JMZO in this action. As properly determined by the boards, the JMZO permits the development of mobile home parks in the R-2 zoning district. Though there are certain requirements regarding the location of such parks, the JMZO clearly provides for mobile home parks as one of the four uses permitted in a planned residential development.

Appellant argues there is a de facto exclusion. The court agrees with the board's findings that there is no de facto exclusion of mobile homes or mobile home parks under the JMZO in this case. Appellant has asserted several bases upon which to maintain that there exists a de facto exclusion of mobile homes and mobile home parks in the joint planning area. Initially, the court notes that appellant's argument that the development of mobile homes and mobile home parks is economically impossible in the joint planning area is without merit. The appropriate analysis on this issue, as set forth by the Commonwealth Court and used by the zoning hearing boards in this case, is whether or not the ordinance at issue makes the development of a use permitted by the ordinance economically impossible. *Stahl v. Upper Southampton Township Zoning Hearing Board,* 146 Pa. Commw. 659, 606 A.2d 960 (1992). In this case, there is no evidence that the development of mobile homes and mobile home parks is economically impossible in the joint planning area. In fact, the record developed before the zoning hearing

boards indicates that mobile homes can be developed on separately subdivided lots at an affordable price, thereby indicating that such development is not economically impossible. In fact, the zoning hearing boards found that the annual income necessary to purchase a mobile home placed on a subdivided lot in compliance with the JMZO and other municipal ordinances is less than the median household and median family incomes for Bucks County. Accordingly, the boards properly concluded that this form of development is economically feasible.

Appellant further asserts that there is a de facto exclusion on the ground that there is insufficient land available in the joint planning area for mobile home park development. Appellant contends that the joint planning area does not provide for its fair share of mobile homes and mobile home parks. This contention is also without merit. The "fair share" test has been well-established by our courts, and is succinctly set forth by the Commonwealth Court in *McKown v. Board of Supervisors of East Fallowfield Township,* 104 Pa. Commw. 428, 522 A.2d 159 (1987), which stated that:

"[o]ur courts have developed a fair share analysis to assess the exclusionary impact of zoning regulations which are alleged to be exclusionary with respect to a particular type of housing. In *Surrick v. Zoning Hearing Board of Upper Providence Township,* 476 Pa. 182, 382 A.2d 105 (1977), the Supreme Court set forth a three-part fair share analysis. Under that analysis, the initial inquiry must focus upon whether the community in question is a logical area for development and population growth. Once it has been established that the community is in the path of growth, the present level

of development within the community is then examined. If that community is situated in the path of growth and is not already highly developed, the third step is to ascertain whether the zoning ordinance has the practical effect of unlawfully excluding the proposed use." *Id.* at 432, 522 A.2d at 160-61.

It is important to note, however, that, as the Supreme Court explained in the *Surrick* decision, there is no single test for determining whether an ordinance is exclusionary, and that the court's primary concern should be focused on an ordinance's "exclusionary impact." *Surrick, supra* at 194, 382 A.2d at 111 (1978).

In this case, the zoning hearing board properly examined whether the land set aside in the joint planning area was sufficient to meet its fair share of the anticipated population growth. The zoning hearing boards properly determined that, initially, the joint planning area provided sufficient land zoned for high density uses, including mobile homes and mobile home parks, to meet the legitimate needs of those who chose to live within the boundaries at the time of its enactment. The ordinance was not exclusionary where enacted. Appellant maintains, however, that, because there remains today only a small area of land left undeveloped in which mobile home parks could be developed, the JMZO has produced the practical effect or impact of excluding mobile homes and mobile home parks. This argument is without merit.

The record in this case indicates that there was a reasonable amount of land made available for mobile homes and mobile home parks. The municipalities involved in this action made available a fair share of housing of all of the basic housing types, including

single-family houses, two-family houses, multi-family houses, mobile homes, and mobile home parks. Appellees appropriately argue that the fact that no developer has chosen to develop a mobile home park in the joint planning area does not render the JMZO exclusionary or unconstitutional. This court determined that this is, rather, a case in which market forces have guided the development of the land in question. That is, the court will not find the JMZO exclusionary when market forces have used up the available land for other legitimate purposes. The court both agrees with and accepts the zoning hearing boards' determination that the JMZO accommodates reasonable overall community growth, including population and employment growth, and opportunities for development of a variety of residential dwelling types and nonresidential uses. In addition, the court notes that this issue has been addressed by the Commonwealth Court, which has explained that "where a municipality's zoning ordinance allocates sufficient land for a use, but the area ultimately becomes saturated by other uses, the inability to develop land does not amount to an unconstitutional prohibition of the use." *Stahl, supra* at 664, 606 A.2d at 963, citing *Appeal of Groff,* 1 Pa. Commw. 439, 274 A.2d 574 (1971).

For the foregoing reasons, the court affirms the joint decisions of the zoning hearing boards of Newtown and Wrightstown townships and enters the order attached hereto.

## ORDER

And now, January 19, 1996, it is ordered and directed that the decision of the Newtown Township Zoning Hearing Board dated November 17, 1995, be and is hereby affirmed.