NETHER PROVIDENCE TOWNSHIP;
Nether Providence Township Commissioners and Caren Andrews, Appellants,

v.

R.L. FATSCHER ASSOCIATES, INC.
and Robert L. Fatscher.

Commonwealth Court of Pennsylvania.

Argued Feb. 5, 1996.
Decided April 10, 1996.

Donald T. Petrosa, for Appellants.

David E. Robbins, for Appellee.

Before COLINS, President Judge, FLAHERTY, J. and MIRARCHI, Senior Judge.

FLAHERTY, Judge.

The Township of Nether Providence, its Board of Commissioners and its Zoning Officer (township) appeal from an order of the Court of Common Pleas of Delaware County (trial court) which sat in equity and made final a decree nisi requiring Robert L. Fatscher (Fatscher) to remove from the interior of his addition any protuberance. We affirm, and note the excellent opinion of Chancellor Clement J. McGovern, Jr.

Fatscher owns a contracting and remodeling business located on his property in Nether Providence Township. In 1989, Fatscher

applied to the township's zoning hearing board (ZHB) for variances (1989 variances) to enable him to construct an attached storage facility. Specifically, Fatscher needed a variance from Section 810(B) of the Nether Providence Zoning Ordinance No. 474, which requires that not more than 15% of the lot area be occupied by buildings, and a variance from Section 810(C) of the same ordinance, which requires a 25–foot sideyard. Fatscher submitted a rendering of the proposed addition and modification of the existing structure to the ZHB. This sketch was not drawn to any particular scale and did not contain any dimensions, including height.

The ZHB mailed a notice of decision dated April 11, 1989, which gave Fatscher permission to construct a 22–foot by 22–foot addition; no height or story limitation was mentioned. Thereafter, by opinion and order dated April 10, 1989, the ZHB granted Fatscher's application for an attached storage facility; however, it also noted that the addition was "to be of dimensions of twenty-two (22) feet by twenty-two (22) feet, and not more than one (1) floor or story in heighth [sic]." (R.R 174a.)

In September, 1989, Fatscher applied for a building permit for a two-story, 22–foot by 22–foot addition, and the township mistakenly issued the requested permit. Several months after Fatscher began construction, the township's manager issued a letter informing Fatscher that he was in violation of the ZHB's April 10, 1989, decision because the addition was two stories in height. Furthermore, Fatscher was advised to cease and desist from any further construction and to remove the second floor or, in the alternative, seek additional relief from the ZHB. Fatscher chose the latter and applied for a variance (1990 variance) seeking permission to maintain the addition with two floors.

The ZHB denied the variance, and Fatscher appealed to the court of common pleas, which concluded that the ZHB did not abuse its discretion or commit an error of law in denying Fatscher's application and, therefore, affirmed the ZHB's decision (first trial).

In response to the court's ruling, Fatscher removed the joists and floor boards of the second floor, but left a 2½-foot ledge or walkway. Apparently still unhappy with the exterior height of the addition, the township filed a complaint in equity seeking to enjoin the "continuing violations of the township's zoning ordinance." (R.R. 6a.) The township requested demolition or reduction of the addition and imposition of fines.[1]

■ In this second trial, the trial court issued a decree nisi wherein the chancellor directed Fatscher to remove from the interior of the addition, any protuberance from the wall or frame of the building including, but not limited to, the second level walkway extending from the outer walls, or any other protuberance that could reasonably be described as a floor or story, so that there would be but one floor confined only by the existing walls and roof. (Appellant's Brief at 2.) The decree nisi in the second trial was affirmed by a final decree dated February 13, 1995. The township now appeals.[2]

The township raises two issues: (1) whether the trial court erred in its interpretation of the 1989 variance conditions and (2) whether res judicata and/or collateral estoppel should have applied to require the chancellor in the second trial to accept as binding those facts found by the ZHB and affirmed by the first trial court.

■ Where a term in a zoning ordinance is ambiguous or undefined, we must construe the term broadly to allow the landowner the least restrictive use of his property. *Neill v. Bedminster Township Zoning Hearing Board,* 140 Pa.Cmwlth. 365, 592 A.2d 1385 (1991). Furthermore, if a zoning ordinance does not define a term, it must be given its usual and ordinary meaning; if a court needs

---

1. The township's complaint requested demolition of the entire addition. However, at trial, the township clarified its position and noted that it would also be satisfied if Fatscher removed the offending top half of the addition.

2. In reviewing a final decree in equity, our standard of review is limited to determining whether the chancellor's findings are supported by substantial evidence, whether an error of law was committed, or whether the chancellor abused his discretion. *Richland Township. v. Prodex, Inc.,* 160 Pa.Cmwlth. 184, 634 A.2d 756 (1993).

to define a term in a zoning ordinance, it may consult the definitions found in statutes, regulations, or dictionaries for guidance. *Manor Healthcare Corporation v. Lower Moreland Township Zoning Hearing Board,* 139 Pa.Cmwlth. 206, 590 A.2d 65 (1991). Finally, statutes which relate to the same person or things, or same class of persons or things, shall be construed together, if possible. Section 1932 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1932.

■ Although the township's zoning ordinance does not define floor or story, the BOCA Basic Building Code (BOCA Code), which was incorporated by reference into the township's building code,[3] defines story as follows:

> That portion of a building included between the upper surface of a floor and the upper surface of the floor or roof next above. (BOCA Code at 38.)

Thus, the BOCA Code clearly defines story in terms of the interior dimensions and makes no reference to exterior height. Therefore, because the township's zoning ordinance does not define story, the trial court committed no error in looking to the BOCA Code for a definition, as the BOCA Code must be considered in *pari materia* with the zoning ordinance.

Furthermore, although an architect testified for the township that a story is typically 8-to-10 feet in height, the trial court did not err in basing its definition of story on the township's own building code rather than an architect's opinion, which the township did not choose to previously incorporate into its building code. In this regard, we note that Section 100.2 of Ordinance No. 522 (the ordinance wherein the township clearly adopts the BOCA Code) provides as follows:

> Section 100.2—Scope: *These regulations shall control* all matters concerning the construction, alteration, addition, repair, removal, demolition, use, location, occupancy and maintenance of all buildings and structures, and shall apply to existing or proposed buildings and structures in the Township of Nether Providence; *except as such matters are otherwise provided for* in other ordinances or statutes, or in the rules and regulations authorized for promulgation under the provisions of this code. (Emphasis added.)

Thus, pursuant to Section 100.2, because story was undefined in the zoning ordinance, the trial court correctly applied the BOCA Code definition.

We also disagree with the township's position that the term "height," as defined in the zoning ordinance,[4] somehow limits the exterior height of Fatscher's addition. (Appellant's brief at 20.) This definition does not limit the external height of a building; it merely defines how to measure the external height. Further, if the township desired to place a quantifiable height restriction on the permitted height of a story, it could have easily stated so in the zoning ordinance. Moreover, we note that Fatscher's addition is well within the thirty-five feet maximum height limitation imposed on buildings in a commercial area pursuant to the township's zoning ordinance. (Nether Providence Zoning Ordinance, Section 300–90D.) In sum, in making its determination that, if Fatscher complies with its decree, the addition will conform to the variance, the trial court properly relied on the BOCA Code's definition of story.

Although the township contends that, because the ZHB granted the 1989 variances based on drawings submitted by Fatscher which clearly showed a one-story building, Fatscher should not be permitted to interpret the 1989 variance condition in such a way to violate those drawings, we note that the original drawing was not drawn to any particular scale, including height. (R.R. 100a.) Furthermore, Fatscher testified that he believed that he was only restricted in

---

3. Nether Providence Township Ordinance No. 522 Section 1.

4. Section 300–1A of the Nether Providence Zoning Ordinance defines height as follows:
   The height of a building shall be measured from the mean level of the ground surrounding

the building to a point midway between the highest and lowest points of the roof, provided that chimneys, spires, towers, elevator penthouses, tanks and similar projections shall not be included in calculating the 'height.'

terms of boundaries, not height, because the 1989 variance dealt with the boundaries. (R.R. 102a–103a.) Moreover, as previously discussed, the addition as presently constructed complies with the 1989 variances and conditions.

Therefore, there was no abuse of discretion, nor was there any error of law committed by the trial court when it interpreted the zoning variance conditions imposed by the ZHB.

■ With respect to res judicata or collateral estoppel, the law is clear that for issues of fact to be binding in a subsequent proceeding, the parties must have had the opportunity to actually litigate the issues. *Schubach v. Silver*, 461 Pa. 366, 336 A.2d 328 (1975). Because the first decision by the common pleas court was an appeal from the ZHB's denial of the 1990 variance, the issue of whether the addition should be demolished was not litigated, whereas, in the second trial, the court was directly requested to rule on that issue. Thus, res judicata or collateral estoppel was not applicable in the second trial, and the court, sitting in equity, was not bound by the previous findings.

After reviewing the record, we find that the chancellor's findings are supported by substantial evidence, and that neither an abuse of discretion, nor an error of law was committed.

Accordingly, we affirm the final decree.

### ORDER

NOW, April 10, 1996, the final decree of the Court of Common Pleas of Delaware County, dated February 13, 1995, at No. 93–3038, Equity Docket, is hereby affirmed.