In Re: The Appeal of Neshaminy Auto Villa Ltd. to the Zoning Hearing Board of Bensalem Township, Bucks County, Pa., From the Action of the Township Zoning Officer and Alternative Request for a Variance From Bensalem Township Zoning Ordinance as Amended by Ordinance No. 173, December 27, 1973. Bensalem Township, Appellant.

Argued April 9, 1976, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Henry F. Huhn,* for appellant.

*Robert Jay Vedatsky,* with him *Vedatsky & Spotila,* for appellee.

OPINION BY JUDGE MENCER, June 9, 1976:

This is an appeal from a decision of the Court of Common Pleas of Bucks County, sitting en banc,

which interpreted amending Ordinance No. 173 of Bensalem Township (Township) so as to render it inapplicable to appellees, Neshaminy Auto Villa, Ltd. (Neshaminy).

The basic facts in this case are not in dispute. Neshaminy purchased an unused gas station in the "General Commercial" zoning district of the Township and converted it to a small retail tire and service establishment. It desired to expand its facilities and applied for a building permit for an addition designed to end 40 feet from its rear property line, which abuts a residential district. The permit was granted on April 22, 1974. However, on May 6, 1974, the permit was revoked by the zoning officer. The reason given for the revocation was that amendatory Ordinance No. 173 required a 75-foot setback of commercial uses which abut residential zones.

Neshaminy appealed the revocation and alternatively, requested a variance before the Zoning Hearing Board of Bensalem Township (Board). The Board, however, affirmed the zoning officer's revocation of the permit and denied the variance. An appeal was taken to the Court of Common Pleas of Bucks County which interpreted the ordinance at issue here in favor of Neshaminy. However, it felt that another issue had been left unresolved and remanded to the Board for action consistent with its opinion. The second issue is not raised before this Court; hence, we deal only with the issue of the interpretation of Ordinance No. 173.

We affirm and adopt, with slight additions, the relevant portion of Judge WALSH's opinion for the court below, which follows.[1]

---

[1] Although the trial court's order only remands the matter to the Zoning Hearing Board "for further proceedings consistent with the foregoing opinion" and does not specifically reverse the Board's

"Appellant asks this court to find that the zoning hearing board committed an error of law when it interpreted the amendatory ordinance No. 173 to effect a change in the yard size regulations contained in Article VI (C-General Commercial). An examination of the basic ordinance discloses that it specifies minimum widths and depths for front, side and rear yards, in all of its eight major district classifications. In three of these classifications (Highway Commercial, Light Manufacturing, and General Manufacturing) the ordinance contains special provisions controlling the width and depth of 'Yard Adjacent to Residence District.'

"The amendatory ordinance in question is titled:[2]

AN ORDINANCE AMENDING THE ZONING ORDINANCE OF DECEMBER 6, 1954, OF THE TOWNSHIP OF BENSALEM BY AMENDING CERTAIN PORTIONS OF THE R-A, R-1, R-2, R-3, R-4, M-H, C-D, C-H, M-2 DISTRICTS AND ARTICLE XI GENERAL REGULATIONS AND ARTICLE XVI DEFINITIONS TO RE-DEFINE AND DEFINE CERTAIN TERMS, TO ADD NEW DEFINITIONS, AND CORRECT CERTAIN DISCREPANCIES CONTAINED THEREIN.

"Among several amendments in Ordinance No. 173 is an amendment to Section 1600 under 'Definition of Terms' whereby the amendatory ordinance adds a new subsection (25 f) as follows:

"f.   *Yard Adjacent to Residence District.*

"1.   Whenever any commercial district abuts any rural or residence district boundary line, a yard shall be provided which shall not be less than seventy-five (75) feet in width, measured from such boundary line.

---

determination on the application of Ordinance No. 173, such a conclusion is implicit in the Court's opinion. Thus this is not an appeal from a purely interlocutory remand order.

[2] It is apparent that "General Commercial" districts are not mentioned in the title.

2. . . .

"The zoning hearing board appears to have construed this provision to apply to the yard dimensional requirements in all of the eight major district classifications. The appellant reasons this amendment is intended to apply only to those portions of the basic ordinance wherein the phrase 'Yard Adjacent to Residence District'[3] already appears.

"Rules of statutory construction are applicable to statutes and ordinances alike. Donahue v. Zoning Board of Adjustment, 412 Pa. 332, 334 (1963). The polestar for construction of a statute or ordinance is the intention of the legislative body. Clearview Bowling Center v. Hanover Borough, 430 Pa. 579, 582 (1968). An ordinance, like a statute must be construed if possible to give effect to all of its provisions. Fidler v. Zoning Board, 408 Pa. 260, 267 (1962). The title and preamble of an ordinance are a part thereof, and must be considered in construing the ordinance. Starkey v. Philadelphia, 397 Pa. 512, 517 (1959). Where a statute or ordinance defines a word or phrase therein the court is bound thereby although such definitions may be different from ordinary usage. Hughes v. Pittsburgh, 379 Pa. 145, 148 (1954). Whenever a part of a statute is amended the remainder of the original statute and the amendment shall be read together and viewed as one statute passed at one time. Statutory Construction Act of 1972, Act of December 6, 1972, P.L. 1339, 1 Pa. C.S. §1953.

"Applying the foregoing principles we conclude that the amendatory definition 'Yard Adjacent to Residence District' was intended to supply a definition of a phrase used in the original ordinance but not defined therein. It follows that the definition was in-

---

[3] This phrase does not appear in the section of the ordinance controlling General Commercial uses.

134

tended as an aid in determining the meaning of such portions of the original ordinance which contain the quoted phrase and that the framers did not intend to make any changes in classifications where the phrase did not appear. To hold otherwise would require us to disregard the title and preamble of the amending ordinance which states as one of its purposes the adding of new definitions. If the legislative body had intended to change the rear yard depth requirements in the C-General Commercial District, it could have easily stated that intention. We find, therefore, that the rear yard minimum depth requirement applicable here is 25 feet as required in the basic ordinance, and not 65 [*sic*] feet as required in certain other district classifications under the amendatory ordinance. Since the plan filed with the board provides for a rear yard depth of 40 feet, a variance of this nature is unnecessary.'' (Footnotes added.)

Order affirmed.

Judge KRAMER did not participate in the decision in this case.