Briar Creek Borough, Appellant *v.* Fred V. Berlin and Anna Berlin, his wife, Appellees.

Argued June 4, 1981, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*John A. Mihalik, Hummel, James and Mihalik,* for appellant.

*John M. Kuchka,* for appellees.

OPINION BY JUDGE MENCER, October 13, 1981:

The Borough of Briar Creek (Borough) has appealed from an order of the Court of Common Pleas of Columbia County dismissing the Borough's exceptions to a decree nisi entered on February 4, 1980. The decree nisi denied the Borough's request for a permanent injunction to restrain Fred V. Berlin and Anna Berlin (appellees) from displacing soil on their property. We affirm the order of the lower court.

Appellees own property containing a mobile home park in a designated flood-prone area of the Borough. When appellees decided to expand their mobile home park, they began to displace soil in order to elevate their property above the regulatory flood elevation point.

On May 3, 1978, the Borough brought suit to permanently enjoin the further displacement of soil, arguing that this activity required a building permit pursuant to Briar Creek Borough Ordinance No. 84. The court below denied the injunction, and this appeal followed.

Ordinance No. 84 establishes requirements for the issuance of building permits for "new construction" in flood-prone areas of the Borough. Thus, the sole issue in this case is whether the soil displacement by appellees constitutes "new construction" within the meaning of Ordinance No. 84, thereby requiring a building permit. We hold that it does not.

Since it is not defined in the ordinance,[1] the word "construction" must be construed according to its

---

[1] Rules of statutory construction apply to statutes and ordinances alike. *Appeal of Neshaminy Auto Villa Ltd.,* 25 Pa. Commonwealth Ct. 129, 358 A.2d 433 (1976).

common and approved usage. Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1903 (a). Webster's Third New International Dictionary 489 (1966) defines "construction" in pertinent part as "the act of putting parts together to form a complete integrated object" or "something built or erected." Since the activity sought to be enjoined consisted solely from one area of appellee's property to another, we cannot agree with the Borough that the appellees were engaged in new construction; the soil displacement did not consist of "putting parts together" and did not result in something being "built or erected."

We further note that Ordinance No. 84 was enacted to enable the Borough to qualify for a federally subsidized flood insurance program. At the trial below, a community planner for the Federal Emergency Management Agency (formerly the Federal Insurance Administration) testified that the soil displacement by appellees did not constitute "new construction" or the "start of construction" as defined by that agency's regulations.[2] Therefore, the objective of the ordinance, *i.e.*, to comply with the federal insurance pro-

---

[2] The community planner testified that "start of construction" is defined by the federal regulations as

the first placement of permanent construction of a structure (other than a mobile home) on a site, such as the pouring of slabs or footings or any work beyond the stage of excavation. Permanent construction does not include land preparation, such as clearing, grading, and filling, nor does it include the installation of streets and/or walkways; nor does it include excavation for a basement, footings, piers or foundations or the erection of temporary forms; nor does it include the installation on the property of accessory buildings, such as garages or sheds not occupied as dwelling units or not as part of the main structure

and that "new construction" is defined as

structures for which the 'start of construction' [is] commenced on or after the effective date of a flood plain management regulation adopted by a community.

gram standards, is not frustrated by interpreting the word "construction" to exclude the preliminary step of soil displacement.

Order affirmed.

### Order

And Now, this 13th day of October, 1981, the order of the Court of Common Pleas of Columbia County, dated June 18, 1980, dismissing the exceptions of the Briar Creek Borough to a decree nisi entered February 4, 1980, is hereby affirmed.

