## A.2d

# Board of Supervisors of Richland Township, Appellant v. Tohickon Creek Associates, Appellee.

Argued December 15, 1988, before Judges CRAIG and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Richard A. Rosenberger, Souder, Rosenberger & Bricker,* for appellant.

*John A. VanLuvanee,* with him, *Christopher H. Schubert, Eastburn and Gray,* for appellee.

OPINION BY JUDGE CRAIG, January 25, 1989:

The Board of Supervisors (governing body) of Richland Township appeals from an order of the Court of Common Pleas of Bucks County that granted a writ of mandamus to the Tohickon Creek Associates (Tohickon) ordering the township to approve the final subdivision plan which Tohickon Creek Associates had submitted for a proposed land development project.

Tohickon submitted an application for final subdivision approval to the township's planning commission on March 25, 1986. By letter dated May 2, 1986 the planning commission informed Tohickon that the commission had disapproved the final plan. The commission included in the letter the specific reasons why the commission had denied Tohickon's application.

The trial court held that the township's ordinance does not validly designate the township planning commission as the final authority to deny a subdivision application, and that therefore, the failure of the governing

body to render a timely decision on Tohickon's application resulted in a "deemed approval".

The question for review is whether the Pennsylvania Municipalities Planning Code (MPC)[1] permits a township ordinance to delegate to a planning commission a *limited* authority to act upon subdivision applications, where the ordinance provides that a decision of the planning commission to *deny* a subdivision application is final, but the governing body retains the power of final approval if the planning commission acts favorably upon the subdivision application.[2]

Because we conclude that the MPC allows a limited delegation of subdivision approval power to a planning commission, as provided in the township's ordinance, we must reverse the trial court's decision.

The MPC clearly allows municipalities to delegate subdivision approval power:

> Section 501. Grant of Power.—The governing body of each municipality may regulate subdivisions and land development within the municipality by enacting a subdivision and land development ordinance. The ordinance *may require that all plats* of land lying within the municipality *shall be submitted for approval to the governing body or in lieu thereof to a planning agency designated in the ordinance for this purpose*. All powers granted herein to the governing body or the planning agency shall be exercised in accordance with

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10101-11202.

[2] We must affirm the trial court's order unless there was an abuse of discretion or an error of law. *Aiken v. Radnor Township Board of Supervisors,* 83 Pa. Commonwealth Ct. 190, 476 A.2d 1383 (1984).

the provisions of the subdivision and land development ordinance.

53 P.S. §10501 (emphasis added).

The MPC provision which provides for the approval of plats, and also mandates a deemed approval when action is tardy, states:

> Section 508. Approval of Plats.—All applications for approval of a plat (other than those governed by Article VII), whether preliminary or final, shall be acted upon by *the governing body or the planning agency* within such time limits as may be fixed in the subdivision and land development ordinance but *the governing body or the planning agency* shall render its decision and communicate it to the applicant not later than ninety days following the date of the regular meeting of *the governing body or the planning agency* (whichever first receives the application) next following the date the application is filed.
>
> . . . .
>
> (3) Failure of *the governing body or planning agency* to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application. ...

53 P.S. §10508 (emphasis added).

The pertinent section of the township ordinance regarding the application procedure states:

> *Section 409 Procedure*
>
> . . . .
>
> e. *The Planning Commission shall:*
>
> 1. Review all applicable reports.
>
> 2. Re-evaluate the applicant's submission.
>
> 3. Determine whether the final plan meets the objectives of the Comprehensive Plan and the

requirements of the Subdivision and Land Development Regulations and other ordinances.

4. Recommend plan revision so that the plan will conform to Regulations.

5. *Approve* or *disapprove the final plan*.

6. Render its decision in writing, and this shall be communicated to the applicant personally or mailed to him at his last known address not later than fifteen (15) days following the decision. *A copy of the decision shall be sent to the governing body*. When the application is not approved in terms as filed, the decision shall specify the defects found in the application and describe requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon.

f. *If the Planning commission approves the final plan, the plan shall be forwarded to the governing body for its final action*. ... [W]ithin ninety (90) days following the starting date of the review process as set forth in Section 401 (b) and (d), the governing body shall render a decision. ... When the application is not approved in terms as filed, the decision shall specify the defects found and describe the requirements which have not been met and shall in each case cite the provisions of the ordinance that have been filed [sic] upon. (Emphasis added.)

Thus, the township ordinance prescribes a process in which the planning commission acts first when a developer submits a subdivision plan application. If the planning commission approves the subdivision application, the commission's decision is merely advisory and subject to the governing body's final action. If the planning commission denies the application, the ordinance clearly

makes the planning commission's decision final because the ordinance does not contemplate the governing body taking any further action.

Tohickon argues that we should construe MPC §501 to mean that a township must designate only one municipal body—either the governing body or the planning commission—as the final decision maker for plan review purposes. Tohickon contends that section 501 of the MPC does not allow the governing body and the planning agency to share such decision-making authority because section 501 uses the disjunctive "or" between "governing body" and "planning agency".

Tohickon cites Ryan's treatise, *Pennsylvania Zoning Law and Practice*,[3] to support the interpretation of section 501 that Tohickon urges. We certainly agree with Mr. Ryan's statement that the governing body is *empowered* to delegate the "entire" approval function, but that comment does not purport to be exhaustive; the question of limited delegation, now before us, is one of first impression.

Tohickon also quotes Ryan's statement that "[w]here the approval function has been delegated, the governing body simply 'drops out' of the application process", to suggest that a governing body becomes an irrelevant entity in the approval process once an ordinance makes any delegation to a planning agency. However, that statement also does not purport to cover all alternative approaches. Moreover, it literally discusses only a delegation of *approval* power. Here there is a delegation of *dismissal* power, with the ultimate approval power expressly reserved to the governing body.

The language of sections 501 and 508 of the MPC does not specifically preclude a partial delegation of approval

---

[3] Robert S. Ryan, Pennsylvania Zoning Law and Practice §11.2.2 (1981).

power. The relevant portions of those sections provide that the power of approval may be delegated (§501), that the designated authority must exercise the power delegated "in accordance with the provisions of the subdivision and land development ordinance" (§501), and that the governing body or planning agency must act on subdivision applications within a ninety day time period (§508), and communicate the decision to the applicant within that time, or the application will be "deemed approved" (§508(3)).

Tohickon argues that because ordinance section 409(e)(6) requires the planning commission to send a copy of the denial decision to the governing body, that body, by implication, must make the decision on the application even with respect to a denial. We disagree. There is certainly good reason why the planning commission, after denying an application, should keep the governing body informed by forwarding a copy of the commission's decision to the governing body. Here, the ordinance simply does not require the governing body to review the planning commission's denial and then make a final rejection decision. According to the rules of statutory construction[4] we will not imply something that the ordinance does not require. *Patton v. Republic Steel Corp.*, 342 Pa. Superior Ct. 101, 492 A.2d 411 (1985).

The trial court found that interpreting the ordinance to allow a distribution of denial and approval functions would violate MPC section 508(3). The trial court apparently reasoned that, because section 409(e)(6) of the ordinance is silent as to a time period in which the planning commission must issue a decision, the commission could take ninety days to render a decision; and, if the commis-

---

[4] The rules of statutory construction apply to ordinances as well as to statutes. *Appeal of Neshaminy Auto Villa Ltd.*, 25 Pa. Commonwealth Ct. 129, 358 A.2d 433 (1976).

sion approved an application, ordinance section 409(f) would purport to allow an additional ninety days for the governing body's final decision. However, a straightforward reading of the ordinance establishes that section 409 complies with section 508(3) of the MPC by requiring both the planning commission, in cases where the commission denies the application, and the supervisors, as the governing body with final approval power in cases where the commission gives an advisory approval of the application, to issue a final decision and communicate the decision to the applicant within a *single* ninety-day time period as required by the MPC.

The planning commission necessarily must comply with the MPC directive that the planning commission should render a final decision within ninety days when the commission denies an application. The language of ordinance section 409(f), quoted above, reinforces the mandate of section 508(f) of the MPC by expressly requiring the governing body to issue a final decision within ninety days of the *initiation* of the application process "as set forth in Section 401(b) and (d)."

Section 401(b) tracks the time mandates of MPC §508 by stating:

> b. The review process for the plans required by the municipality shall include no more than ninety (90) days following the date of the regular meeting of the planning commission next following the date the application is filed, provided that should said next regular meeting occur more than thirty (30) days following the filing of the application, the said ninety day period shall be measured from the thirtieth day following the day the application has been filed. The applicant may agree to waive the time requirement.

We note that this subsection describes the limits on the review process by the "municipality," thus clearly

embracing both the planning commission and governing body functions and requiring that the functions of both shall be completed within the MPC's time limit. Section 401(d) of the ordinance contains a second sentence which reiterates exactly the same language, applying it to revised plans. Thus, even when the governing body considers a final approval decision after the planning commission's tentative approval, the ordinance provides that the entire process must be completed within *one* defined ninety-day period.

Hence, the delegation of authority allowed by section 501 of the MPC and effected by section 409 of the ordinance in this case allows the planning commission to act "in lieu" of the governing body with respect only to a denial of a plan application. Because there is nothing in the MPC negating that limited delegation, the ordinance has properly delegated the disapproval function to the township's planning commission.

In this case, the planning commission has complied with the MPC and the township ordinance provisions for subdivisions and land developments by issuing and communicating to Tohickon the commission's denial of Tohickon's subdivision application within the statutory time period. Because we find that Tohickon's plan is not entitled to a deemed approval, we reverse the trial court's order granting Tohickon a writ of mandamus.

## ORDER

NOW, January 25, 1989, the order of the Court of Common Pleas of Bucks County, at 87-03748, dated March 18, 1988 is reversed.