636 A.2d 1308

### In re APPLICATION FOR CONDITIONAL USE APPROVAL OF James SAUNDERS for Development of a Mobile Home Park Known As "West Penn Pines".

**Appeal of James SAUNDERS, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Dec. 13, 1993.

Decided Jan. 13, 1994.

Charles E. Zaleski, for appellant.

William E. McDonald, for appellee West Penn Tp.

Before McGINLEY and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

James Saunders appeals from the order of the Court of Common Pleas of Schuylkill County that dismissed his appeal

from the denial of conditional use permit by the Supervisors of West Penn Township (Supervisors). We reverse and remand.

Saunders is the equitable owner of an 86.9–acre tract of land located in West Penn Township (property). The property is zoned agricultural by the Township's zoning ordinance (zoning ordinance). Saunders applied for a conditional use permit to develop a 367–unit mobile home park on the property. The zoning ordinance lists a mobile home park as a permitted conditional use in the agricultural district. The Township's Planning Commission reviewed the application and recommended its denial to the Supervisors. The Supervisors conducted public hearings and on December 3, 1992, denied Saunders' application. The Supervisors found Saunders' application deficient in various areas, especially failing to comply with the zoning ordinance's requirements of showing a centralized sewer and water system. Saunders appealed to the trial court.

The trial court, without taking additional evidence, dismissed Saunders' appeal. Although the trial court held that many of the Supervisors' findings were not supported by substantial evidence, i.e. that they abused their discretion, the trial court did hold that Saunders failed to demonstrate a method of disposal for sewage discharge and sufficient water supply to satisfy the zoning ordinance's requirements for such a development prior to approval. The trial court also added that even if Saunders could be deemed to have satisfied the specific requirements of the zoning ordinance as it relates to water supply and sewage disposal, the objectors presented sufficient evidence to demonstrate that the development would have a substantial adverse impact on the health, safety and welfare of the community. Saunders now appeals to this Court.[1]

1. Our scope of review, where the trial court does not take additional evidence, is limited to whether the agency committed a manifest abuse of discretion or committed an error of law. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983). Because an application for a conditional use is analogous to a special exception, the burden of proof standards are the same for both. *White*

Section 316 of the zoning ordinance concerns conditional uses. Subsection 316.E.6 of the zoning ordinance provides:

Section 316.E.6—Mobile Home Park

a. Shall have a minimum tract size of fifty (50) acres and a maximum overall density of no more than five (5) mobile homes per acre.

b. Shall have centralized sewer and water.

c. Shall have twenty (20) foot buffer yard around the perimeter of the site, in accordance with Section 404.D.

d. All applicable provisions of the Township Subdivision and Land Development Ordinance shall be complied with.

Both the Supervisors and the trial court found that Saunders' application satisfied Subsections a and c. The Supervisors found that Saunders did not comply with Subsection d but the trial court did not agree because at the time of the application the Township did not have a Township Subdivision and Land Development Ordinance. Thus, because the Township did not file a cross-appeal from the trial court's order and opinion, we only need review whether the Supervisors committed a manifest abuse of discretion or an error of law in denying Saunders' application on the basis that he failed to comply with the water and sewage requirements of Subsection 316.E.6(b) of the zoning ordinance. *See Mitchell Energy Corp. v. Zoning Hearing Board of Summerhill Township,* 108 Pa.Commonwealth Ct. 113, 529 A.2d 585 (1990).

Saunders filed a detailed application which included plans for the conditional use and presented extensive testimony concerning the water and sewage proposals. Saunders argues that the Supervisors erred in attempting to extend the language of the zoning ordinance's conditional use provisions to include requirements for detailed layout and feasibility studies. Saunders asserts that the Supervisors, in their attempt to justify the extension of Subsection 316.E.6(b) of the zoning ordinance, tried to apply other provisions of the zoning ordinance not applicable during this process for approval of a

*Advertising Metro, Inc. v. Zoning Hearing Board of Susquehanna Township,* 70 Pa.Commonwealth Ct. 308, 453 A.2d 29 (1982).

conditional use. Saunders contends that he must merely comply with the conditional use provisions set forth in Section 316 of the zoning ordinance.

The Supervisors not only mandated that Saunders meet the conditional use requirements of Section 316, they also required Saunders comply with the site plan review section, Section 409 of the zoning ordinance. Saunders contends that the site plan review section, Section 409, is not applicable because Subsection 409.A.2 expressly states:

> Any proposed development which constitutes a 'land development' (as defined in the Township Subdivision and Land Development Ordinance) shall not be required to follow the procedures of this Section [i.e. site plans].

(570a) (emphasis added).[2] While this argument may be persuasive, we need not delve into an interpretation of the zoning ordinance's site plan review section because what was before the Supervisors was simply the application for a conditional use.

The existence of a conditional use provision indicates legislative acceptance of the proposition that the use is consistent with the zoning plan and should be denied only where the adverse impact on the public interest exceeds that which might be expected in normal circumstances. *In re Appeal of the Estate of Achey*, 86 Pa.Commonwealth Ct. 385, 484 A.2d 874 (1984), *aff'd.*, 509 Pa. 163, 501 A.2d 249 (1985). Once the applicant has brought himself within the standards of the ordinance, the application must be granted unless the objectors present sufficient evidence that the use would present a substantial threat to the community. *Susquehanna Township*

---

2. The Supervisors also denied the plan based on its failure to meet site plan requirements in Section 409.C.6 of the zoning ordinance. Subsection 409.C.6 applies to single-family residential developments and requires site plans to include "[m]ethods of sewage and water service, including proposed well locations and locations of proposed areas for *on-lot sewage* disposal." (571a) (emphasis added). The Supervisors further found the application did not conform with Subsection 409.D.7 which requires: "provisions to be made for treatment and disposal of sewage and industrial wastes and water supplies." (572a).

*Board of Commissioners v. Hardee's Food Systems, Inc.,* 59 Pa.Commonwealth Ct. 479, 430 A.2d 367 (1981).

■ Saunders' application for a conditional use specifically addresses adequate water and sewage disposal concerns. Note 1 on sheet 1 of 4 of the conditional use plans, states: "On-site centralized sanitary sewer and water supply will be provided to each space." Saunders also included, on the same document, a commitment that:

Both sanitary service, and water service will be provided utilizing centralized on-site sanitary sewage and water treatment accomplished in accordance with the applicable Pennsylvania Department of Environmental Resources standards and specifications. Water supply for the development will be supplied by the establishment of an on-site water well field to be comprised of a minimum of two high-yield wells.

The plans also designate a specific area for sewage treatment and water tank storage areas.

In *Shatz v. New Britain Township Zoning Hearing Board of Adjustment,* 141 Pa.Commonwealth Ct. 525, 596 A.2d 294 (1991), we held that a zoning board could not reject an application for a special exception as not being in the best interest of the community because the application did not address the issues of adequate sewage capacity, storm water management or water supply requirements. We held that "such issues are to be addressed further along the permitting and approval process. Zoning only regulates the *use* of land and not the particular of development and construction." *Id.* at 532, 596 A.2d at 298. (Emphasis in original.) In *East Manchester Township v. Dallmeyer,* 147 Pa.Commonwealth Ct. 671, 609 A.2d 604 (1992), we did allow the more stringent requirements for water supply and sewage to be considered because these requirements were a part of East Manchester's special exception requirements. Here, the conditional use requirements are limited. Saunders presented testimony, diagrams and descriptions of the proposed water and sewage facilities. Because approval of a use is only the first step along the road for Saunders to receive an occupancy permit

and, because the Township's conditional use requirements are limited, we are not convinced to expand them. Therefore, we hold that the information provided by Saunders was adequate to meet the requirement set forth in Subsection 316.E.6(b) of the zoning ordinance that the mobile home park have "central sewer and water" and that the Supervisors erred in denying the application on the basis that the application itself did not meet the requirements for adequate water and sewage.

■ However, once an applicant has met the burden of presenting evidence meeting the specific requirements of the ordinance, objectors may show that the proposed use will substantially effect the health and safety of the community. *Johnson v. North Strabane Township,* 119 Pa.Commonwealth Ct. 260, 546 A.2d 1334 (1988), *appeal denied,* 521 Pa. 625, 557 A.2d 727 (1989). The burden that is placed upon the objectors requires more than mere speculation of possible harm. The objectors must show a high degree of probability that the proposed use will substantially affect the health and safety of the community. *Id.* In *Manor Health Care Corp. v. Lower Moreland Township Zoning Hearing Board,* 139 Pa.Commonwealth Ct. 206, 590 A.2d 65 (1991), we refined this holding and required not only that objectors show a high probability that the proposed use will cause adverse impact but also that the proposed use would create an adverse impact *not normally generated by the type of use proposed.*

The Supervisors credited the testimony of one neighbor concerning the affect of the water supply on her property during the test drill performed by Saunders. The Supervisors found that this testimony demonstrated a high degree of probability that the proposed use would adversely affect the health and safety of the community. Even if the testimony of this one witness would be sufficient to overcome the presumption of the legality of the use, there was no testimony to the effect that the *proposed mobile home park* would cause adverse impact not normally generated by the type of proposed

use.[3]

Even in the event that public health and safety would be at risk because of the proposed sewage and water facilities, the appropriate action by the Supervisors should have been to provide the approval with conditions attached. The fact that a use is permitted as a conditional use evidences a legislative decision that the particular type of use is not adverse to the public per se. R. Ryan, Pennsylvania Zoning Law & Practice § 5.1.4. Determinations by the Supervisors that the water or sewage disposal system will be harmful to the public is mere speculation and cannot serve as the basis of a denial. *Foster Grading Co. v. Venango Township Zoning Hearing Board*, 49 Pa.Commonwealth Ct. 1, 412 A.2d 647 (1980).

For the reasons set forth above, we reverse the trial court and remand. We instruct the trial court to remand to the Supervisors directing them to grant the conditional use.

### *ORDER*

AND NOW, this 13th day of January, 1994, the order of the Court of Common Pleas of Schuylkill County in the above-captioned matter is reversed and the case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

---

**3.** The denial of the application on the basis of inadequate sewer facilities because of a failure to show the specific location of access to the discharge stream is also not part of the conditional use application process. The final determination with respect to the location of the discharge and the quality of sewage treatment required are matters within the sole discretion of the Department of Environmental Resources. *See East Manchester.*