**COLLIER STONE COMPANY,**

v.

**ZONING HEARING BOARD FOR THE TOWNSHIP OF COLLIER,**

v.

**TOWNSHIP OF COLLIER, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 27, 1998.

Decided April 1, 1998.

As Amended April 8, 1998.

John Linkosky, Pittsburgh, for appellee.

Michael B. Kaleugher, Carnegie, for appellant.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue in this appeal is whether the decision of the Zoning Hearing Board (ZHB) of the Township of Collier is supported by substantial evidence. The ZHB held that Collier Stone Company (Collier Stone) failed to prove that it has operated a pre-cast concrete manufacturing operation on its property since 1948, which would have been four years prior to enactment of the zoning ordinance, and thus, the operation does not qualify as a non-conforming use. Because the ZHB's decision is supported by substantial evidence, the decision of the Court of Common Pleas of Allegheny County (trial court), which reversed the ZHB, is reversed.

Collier Stone currently operates a surface mine and stone quarry business on its property in Collier Township. In 1995, Collier Stone applied for a permit to use a portion of its property to manufacture pre-cast concrete products, which it actually was already manufacturing on the property for some period of time, the length of which is the basis of this dispute. The permit was denied by the Township's zoning officer, and Collier Stone appealed to the ZHB, arguing that it has been manufacturing pre-cast concrete products since 1948 and thus, the manufacturing constitutes a legal non-conforming use because the Township did not enact a zoning ordinance prohibiting such use until 1952.

At the hearing before the ZHB, Collier Stone presented the testimony of three Collier Stone executives, who testified that Collier Stone has manufactured pre-cast concrete products on its property since 1948. Collier Stone also offered into evidence invoices and purchase orders for concrete which were dated as early as 1970, thus implying that the concrete was used in manufacturing the pre-cast concrete products. In opposition to Collier Stone's appeal, several neighboring property owners testified that no manufacturing activity occurred on Collier Stone's property prior to 1985. One property owner entered into evidence a document *prepared by Collier Stone* that states that Collier Stone has manufactured concrete products *from 1958 to the present.*

The ZHB concluded that Collier Stone failed to prove that it has manufactured pre-cast concrete products on its property since 1948, based on three factors. First, neighboring residents credibly testified that no manufacturing occurred on Collier Stone's property prior to 1985. Second, Collier Stone was unable to produce any documentation suggesting that concrete products were manufactured as early as 1948, although they did have documentation which showed that they may have performed such manufacturing as early as 1970. And third, Collier Stone's own document states that they began manufacturing concrete products in 1958.

The trial court subsequently reversed the ZHB, on the following grounds:

*[E]ven taken as entirely true* the testimony of the objectors [i.e., neighboring property owners] is not dispositive.... At best, the testimony establishes that any

concrete operation at the site was not evident to a casual observer on the perimeter of the property. To demonstrate that a use is not apparent to its neighbors is not the same as establishing that it does not exist.... Thus, even accepted in its entirety, the Objectors' testimony is not sufficient to defeat Collier's claim of nonconforming use. (Emphasis in original.)

Resolution of this case rests upon two well-established principles of law. First, the burden of proving the existence of a nonconforming use [i.e., a use that existed prior to the adoption of the zoning ordinance prohibiting such use] rests with the landowner asserting a non-conforming use. *Appeal of Lester M. Prange, Inc.*, 166 Pa.Cmwlth. 626, 647 A.2d 279 (1994). Second, where the trial court receives no additional evidence, the ZHB's decision must be affirmed unless there has been an error of law or an abuse of discretion. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983). An abuse of discretion occurs when the ZHB's findings are unsupported by substantial evidence, which is defined as such evidence as a reasonable mind would find adequate to support the findings. *Id.*

In this case, contrary to the holding of the trial court and the assertion of Collier Stone, the ZHB did not disregard the testimony of the Collier Stone executives and base its decision solely on what the trial court and Collier Stone considered to be the dubious testimony of neighboring property owners. Furthermore, even assuming, *arguendo*, that this case did turn entirely upon the ZHB's conclusion that the property owners' testimony was more credible than that of the Collier Stone executives, the trial court overstepped its bounds in concluding that the landowners were merely "casual observers on the perimeter of the property" and thus not capable of credibly testifying that Collier Stone has *not* been manufacturing concrete products on the property since 1948. As acknowledged by the trial court, matters involving the weight and credibility of testimony are within the discretion of the ZHB. *Tu–Way Tower Company v. Zoning Hearing Board of the Township of Salisbury*, 688 A.2d 744 (Pa.Cmwlth.1997).

In concluding that Collier Stone has not maintained a concrete manufacturing operation on the property since 1948, however, the ZHB relied upon two additional compelling pieces of evidence. First, as noted above, Collier Stone's *own document* states that Collier Stone has been manufacturing concrete products since *1958*. This directly contradicts Collier Stone's contention that it has been doing so since *1948*.

Second, while Collier Stone did produce evidence of purchase orders and invoices for concrete, thus implying that they purchased the concrete for use in manufacturing their pre-cast concrete products, the invoices and purchase orders are dated only as early as *1970*. Thus, they have little probative value in determining whether Collier Stone has engaged in concrete manufacturing since 1948.

While the ZHB may have been unable to pinpoint exactly when Collier Stone *did* begin manufacturing pre-cast concrete products, this it was not required to do. What was required at the ZHB hearing was for Collier Stone to prove that it was manufacturing pre-cast concrete products prior to enactment of the zoning ordinance in 1952, and the evidence is not only substantial, but overwhelming, that Collier Stone has failed to carry its burden of proof.

As a final matter, we note that Collier Stone alternatively argues in its brief that its surface mining operation on the property is a legal non-conforming use and that, under Section 1101 of the Township zoning ordinance, one non-conforming use may be changed to another non-conforming use of the same or more restricted nature. A careful review of the record, however, shows that the entire thrust of both the testimony of Collier Stone's witnesses and the arguments of its counsel before the ZHB involved their attempt to prove that Collier Stone has been manufacturing pre-cast concrete products since 1948, as shown by the following summation by counsel for Collier Stone:

Now, what we have established here tonight ... is the existence of a nonconforming use, and that use is the manufacturing

of pre-cast concrete products on this property. Now, I believe we've established the existence of that use dating back to 1948. If it dates to 1948, there can be no question at all that this use can continue. The testimony and the evidence are that the use was a regular and recurring thing, it happened on the property from 1948 through the present.

Indeed, neither the decision of the ZHB nor the decision of the trial court, which reversed the ZHB and held for Collier Stone, addressed any issue except whether Collier Stone has been manufacturing pre-cast concrete products since 1948. Our review of the record shows that this was the only issue at the ZHB hearing.

Accordingly, the order of the trial court is reversed.

### ORDER

AND NOW, this 1st day of April, 1998, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby reversed.

FLAHERTY, J., did not participate in the decision in this case.