## In re Appeal From Decision of Board of Supervisors of Penn Township

C.P. of Lancaster County, no. CI-02-00219.

*Tracy Thomas Cadzow,* for appellants.
*Josele Cleary,* for Penn Township.
*Melvin Hess* and *J. Dwight Yoder,* for Manheim Auto Auction.

CULLEN, *J.,* October 10, 2002—This land use appeal was filed by Richard M. Canfield, Elizabeth M. Canfield, Steve Courtney, Joyce R. Courtney, Steve Erb, Carol Erb, Jason M. Enterline, Michelle L. Enterline, Jeffrey Slater, Dana Slater, Shirlene Miller and John K. Kreider (collectively, appellants) from the December 10, 2001 decision of the Penn Township Board of Supervisors granting the application of Manheim's Pennsylvania Auction Services Inc., doing business as Manheim Auto Auction, for a conditional use to expand its automobile auction facility within Penn Township.

Appellants have presented two issues for resolution: (1) whether the opinion by the Honorable Lawrence F. Stengel of this court that ordinance no. 2000-04 rezoning 268 acres of farmland in the agricultural zone is void ab initio effectively nullifies the board of supervisors' conditional use approval for the same 268-acre property; and (2) whether the board of supervisors abused its discretion or committed an error of law by granting Manheim's Pennsylvania Auction Services Inc.'s request

for conditional use where the Auction has failed to show that it has met the required standards of the Penn Township Zoning Ordinance. Penn Township, Pa., Official Zoning Ordinance (June 28, 1993).

Upon consideration of the record in this matter and the briefs and arguments of counsel, the court is compelled to sustain the land use appeal and reverse the decision of the board of supervisors.

The real estate in question (property) consists of approximately 268 acres located on the west side of Power Road and the north side of Auction Road in Penn Township, Lancaster County, Pennsylvania.[1] On September 21, 2000, Penn Township enacted ordinance no. 2000-04 which changed the zoning classification of the property from agricultural to limited commercial.[2] The Auction is the equitable owner of the property. (Exhibit T-1.)

On August 2, 2001, the Auction filed an application for conditional use of the property,[3] and the board held hearings on September 26, 2001, October 9, 2001, and October 29, 2001.

---

1. The property is more specifically described in exhibit A of ordinance no. 2000-04 which is part of the application for conditional use. (Exhibit T-1.)

2. Automobile auction facilities and automobile storage compounds are allowed as conditional uses in a limited commercial zone. Penn Township, Pa., Official Zoning Ordinance §213 (June 28, 1993).

3. In their brief, appellants refer to a previous application for conditional use of the property submitted by the Auction on November 14, 2000, and subsequently withdrawn on July 30, 2001. This prior application is not part of the record certified to the court and, therefore, will not be considered in this appeal. *Mack v. Zoning Hearing Board of Plainfield Township,* 126 Pa. Commw. 80, 558 A.2d 616 (1989); *In re Appeal of Deamer from Decision of West Earl Township Supervisors,* 77 Lanc. L. Rev. 301 (2001).

The Auction currently operates a facility located on the west side of Route 72, north and south of Auction Road (existing facility) for the sale of motor vehicles at auction to automobile dealers. (N.T. September 26, 2001, p. 35.) The property adjoins this existing facility. (Exhibit A-1.) Because it lacks adequate land to store all of the vehicles it sells, the Auction proposed to consolidate all of its operations on the existing facility and the property. (N.T. September 26, 2001, pp. 35-40.) It intends to improve the property with a parking compound and a structure identified as a "super recon center." (Exhibits T-1, A-3, A-4.) The recon center, which will not be open to the general public, will provide body work, minor mechanical repairs, reconditioning and washing of vehicles to prepare them for sale. (N.T. September 26, 2001, pp. 47, 75, 91-93.) Construction of the recon center will eliminate the need to have vehicles moving to and from the existing facility and the property for servicing prior to sale. *Id.* at 96-97.

The Auction's plan (exhibit A-4) indicates that the majority of the property is within Phase I and a small portion of the property is within Phase II. Phase I includes the recon center, parking facilities, and storm water management facilities. *Id.* The plan does not show any improvements in the area identified as Phase II, but if additional parking areas are necessary in the future, these could be located in Phase II. (N.T. September 26, 2001, p. 89.)

The Auction requested that Penn Township vacate a portion of Power Road extending northward from the intersection of Power Road and Auction Road. (N.T. September 26, 2001, p. 42; October 9, 2001, p. 153.) If

this request was granted, the Auction would make the former Power Road the main access into the property and the existing facility, install a cul-de-sac to terminate the portion of Power Road extending southward from Sun Hill Road and grant all necessary utility easements. *Id.* (Exhibit A-5.) The Auction would also close the present exits from its existing facility to Park Hill Road (N.T. September 26, 2001, p. 42) and make improvements to Auction Road and Junction Road along the frontage of the property.

The land on the west side of Junction Road would be used for storm water management for both the property and the existing facility (N.T. October 9, 2001, pp. 157-60; exhibit A-4) thereby allowing the Auction to seek approval to modify the existing facility to remove the detention basins and use that area for parking. *Id.*

The Auction's witnesses testified that its proposals met the requirements of the ordinance for the conditional use, and the Auction also submitted documentary evidence as further support.

In opposition to the Auction's proposal, appellants presented the testimony of Hugh Cadzow, a registered landscape architect, concerning the sufficiency of the application for conditional use. Mr. Cadzow has prepared applications for special exception and conditional use hearings, but he has never reviewed such applications on behalf of a municipality. (N.T. October 29, 2001, p. 348.) Mr. Cadzow noted that exhibit A-4 did not include all of the information required by the ordinance. *Id.* at 335-46. He conceded that he did not review the entire application, *id.* at 350, and he did not testify that such information was not included elsewhere in the application or otherwise presented at the two prior hearings.

No evidence was presented to the board that the application would be detrimental to the public health, safety or welfare,[4] or that the application failed to meet the criteria for automobile auction facilities specified in section 461 of the ordinance.

The board rendered a written decision on December 10, 2001, granting the Auction's application for conditional use under sections 213.3.1 and 461 of the ordinance to expand its existing automobile auction business on the property and allowing it an extension of two years from that date to obtain a zoning permit. The approvals were subject to 42 conditions imposed by the board.

On January 9, 2002, appellants filed an appeal from the board's decision.

On January 15, 2002, the Auction filed a notice of intervention pursuant to 53 P.S. §11004-A.

## DISCUSSION

The first issue[5] concerns the effect of the decision of April 5, 2002, by the Honorable Lawrence F. Stengel of this court declaring ordinance no. 2000-04 void as a matter of law.[6] Appellants contend that the effect of this

---

4. In closing argument before the board, appellants' counsel conceded that no attempt had been made to introduce such evidence. (N.T. October 29, 2001, p. 379.)

5. In their notice of land use appeal, appellants raised six issues on appeal. Any issue not briefed and argued is deemed waived. *Chamberlain v. Adamstown Borough Zoning Hearing Board,* 76 Lanc. L. Rev. 324 (1998).

6. *In re The Appeal of the Challengers from the Decision of the Penn Township Zoning Hearing Board,* no. CI-01-03787, Lancaster County, April 5, 2002.

determination is to nullify the board's decision granting the application for conditional use. The board and the Auction, on the other hand, assert that this claim has been waived and, even if not waived, is without merit.

The Pennsylvania Municipalities Planning Code provides for the filing of a land use appeal notice "which concisely sets forth the grounds on which the appellant relies." 53 P.S. §11003-A(a). The Rules of Court of Lancaster County require that in a land use appeal the appellant set forth "all specific legal and factual grounds relied upon for the appeal." Local Rule no. 27I.A.2.f.

Under the well established doctrine of waiver, new and different theories of relief may not be raised for the first time on appeal. *813 Associates v. Zoning Hearing Board of Springfield Township,* 84 Pa. Commw. 420, 479 A.2d 677 (1984). Where there is an opportunity to raise an issue or to present evidence before a municipal body and a party fails to do so, that party has waived the right to do so at a later date. *Mack v. Zoning Hearing Board of Plainfield Township,* 126 Pa. Commw. 80, 558 A.2d 616 (1989).

Adherence to this rule serves a salutory purpose in land use appeals. In the words of the Commonwealth Court:

"More importantly, the grounds for appeal requirement of section 1003-A(a) plays a necessary role by winnowing the scope of a land use appeal. . . . Allowing land use appellants the right to raise new issues after expiration of the appeal period would not only afford them a substantial advantage not currently provided by the Code but would also expand litigation in an area already heavily burdened." *Gall v. Zoning Hearing Board of Upper*

*Milford Township,* 723 A.2d 758, 760 (Pa. Commw. 1999), *appeal denied,* 559 Pa. 682, 739 A.2d 545 (1999). (citation omitted)

A review of the record of the proceedings before the board reveals that appellants failed to present evidence or argue that the application for conditional use should be denied on the ground that ordinance no. 2000-04 was invalid due to the failure to provide notice of the proposed amendment as mandated by the Pennsylvania Municipalities Planning Code or for any other reason. This issue was not included in appellants' notice of land use appeal filed January 9, 2002.[7] Appellants do not contend that they fall within any exception to the waiver doctrine, and they ignore this issue in their brief.[8]

---

7. The boilerplate assertion that appellants reserve the right to revise or supplement the legal and factual grounds for their appeal upon further review of the record is insufficient to avoid application of the waiver doctrine. Not only would such an approach eviscerate the waiver doctrine, but it is contrary to the provisions of the Pennsylvania Municipalities Planning Code regarding the time for filing and the contents of land use appeals. 53 P.S. §§11002-A; 11003-A(a). Further, it should be noted that appellants never attempted to file a revised or supplemental notice of land use appeal.

8. After argument in this matter, appellants' counsel submitted a letter to the court on September 24, 2002, in which she argues that in subsequent proceedings before the Penn Township Zoning Hearing Board the board of supervisors and the Auction allegedly made certain admissions regarding the zoning classification of the property which are contrary to their pleadings, briefs and argument before the court in this land use appeal. Counsel for the board of supervisors and the Auction have taken issue with this assertion. It is unclear from this correspondence exactly what appellants' counsel is talking about. However, none of the documents referred to by appellants' counsel are included in the record before the court, and no attempt has been made to supplement the record as provided in the Pennsylvania Municipalities Planning Code. Accordingly, the court will not consider any of the issues raised in this untimely submission.

Appellants had ample opportunity to raise the issue of the invalidity of ordinance no. 2000-04 at any of the three hearings on the application for conditional use held before the board, but failed to do so. They also failed to present this issue in their notice of land use appeal. The invalidity of ordinance no. 2000-04 is a new and different theory of relief which may not be raised for the first time on appeal. Accordingly, the court concludes that this issue has been waived and cannot constitute grounds for reversing the board's decision.[9]

The second issue, which has been properly preserved, is whether the board abused its discretion or committed an error of law by granting the Auction's application for conditional use where the Auction has failed to show that it has met the required standards of the Penn Township Zoning Ordinance.

Where the court has not held a hearing or taken additional evidence, the scope of review in a land use appeal is limited to a determination of whether the municipal body has committed an error of law or a manifest abuse of its discretion. *Allegheny West Civic Council Inc. v. Zoning Board of Adjustment of the City of Pittsburgh,* 547 Pa. 163, 689 A.2d 225 (1997) (citing *Larsen v. Zoning Board of Adjustment of the City of Pittsburgh,* 543 Pa. 415, 672 A.2d 286 (1996)). An abuse of discretion will be found only if the board's findings are not supported by substantial evidence. *Id.* Substantial evidence is defined as "such relevant evidence as a reasonable mind

9. In view of its determination that appellants have waived the right to challenge the decision of the board on the ground that ordinance no. 2000-04 is invalid, the court need not address the other arguments advanced by the board or the Auction. The court notes also that the record before it is inadequate to address these arguments.

might accept as adequate to support a conclusion." *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 555, 462 A.2d 637, 640 (1983); *Collier Stone Company v. Township of Collier Board of Commissioners,* 735 A.2d 768 (Pa. Commw. 1999).

The reviewing court must accept the credibility determinations made by the municipal body which hears the testimony, evaluates the credibility of the witnesses and serves as fact-finder. *Young v. Pistorio,* 715 A.2d 1230 (Pa. Commw. 1998) (citing *Borough of Youngsville v. Zoning Hearing Board of Borough of Youngsville,* 69 Pa. Commw. 282, 450 A.2d 1086 (1982)); *Collier Stone Company v. Zoning Hearing Board for the Township of Collier,* 710 A.2d 123 (Pa. Commw. 1998). The reviewing court is not to substitute its judgment on the merits for that of the municipal body. *East Torresdale Civic Association v. Zoning Board of Adjustment of Philadelphia County,* 536 Pa. 322, 639 A.2d 446 (1994); *In re Appeal of Deamer from Decision of West Earl Township Supervisors,* 77 Lanc. L. Rev. 301 (2001).

A conditional use is nothing more than a special exception which falls within the jurisdiction of the municipal legislative body rather than the zoning hearing board. *Bailey v. Upper Southampton Township,* 690 A.2d 1324 (Pa. Commw. 1997). A conditional use is a use which the governing body has determined is not adverse in and of itself to the public interest. *Susquehanna Township Board of Commissioners v. Hardee's Food Systems Inc.,* 59 Pa. Commw. 479, 430 A.2d 367 (1981). The existence of a conditional use provision indicates legislative acceptance of the proposition that the use is consistent with the zoning plan and should be denied only where

the adverse impact on the public interest exceeds that which might be expected in normal circumstances. *In re Application for Conditional Use Approval of Saunders,* 161 Pa. Commw. 392, 636 A.2d 1308 (1994).

The applicant for a conditional use has the burden to demonstrate compliance with the specific criteria of the ordinance. *Levin v. Board of Supervisors of Benner Township,* 669 A.2d 1063 (Pa. Commw. 1995). Once the applicant meets the requirements of the ordinance, he has made out his prima facie case and the application must be granted unless the protestants present sufficient evidence that the proposed use has a detrimental effect on the public health, safety and welfare. *Bailey v. Upper Southampton Township,* 690 A.2d 1324 (Pa. Commw. 1997).

Appellants concede that they made no attempt to show that the proposed use was detrimental to the public health, safety or welfare. (N.T. October 29, 2001, p. 379.) Accordingly, the only issue to be resolved is whether the Auction has met its burden of establishing compliance with the requirements of the zoning ordinance.

Section 704.1 of the Penn Township Zoning Ordinance sets forth the specific information to be included in a conditional use application and states:

"704.1 *Filing of conditional use*—For any use permitted by conditional use, a conditional use must be obtained from the board of supervisors. In addition to the information required on the zoning permit application, the conditional use application must show:

"(1) Ground floor plans and elevations of proposed structures;

"(2) Names and addresses of adjoining property owners including properties directly across a public right-of-way;

"(3) A scaled drawing (site plan) of the site with sufficient detail and accuracy to demonstrate compliance with all applicable provisions of this ordinance;

"(4) A written description of the proposed use in sufficient detail to demonstrate compliance with all applicable provisions of this ordinance;" Penn Township, Pa., Official Zoning Ordinance §704.1 (June 28, 1993).

The Auction maintains that it has satisfied these requirements since its application for conditional use included ground floor plans and elevations of proposed structures (exhibit T-1, exhibit C) names and addresses of adjoining property owners (exhibit T-1, exhibit B) a scaled drawing of the site (exhibit T-1, exhibit D) and a written description of the proposed use. (Exhibit T-1, exhibit E.)

The Auction supplemented its application by presenting additional evidence for consideration by the board during the three public hearings. This evidence included testimony by four witnesses,[10] traffic studies, and proposals for storm water management, the closure of "satellite" parking lots, and improvements to the land in the form of new roads, access and traffic patterns to ease congestion.

Appellants argue that the application is deficient in that it does not include items required by sections 701.2 and 701.3 of the ordinance which set out the requirements for zoning permits, and they rely on the testimony

---

10. The four witnesses were the general manager of the Auction's current facility, the vice-president of the construction company which prepared certain exhibits, the project manager and the Auction's attorney.

of Hugh Cadzow, a registered landscape architect, to support their position.

The board rejected Mr. Cadzow's testimony as not credible since he had not reviewed the entire application and had not attended the hearings at which the Auction had presented its evidence. The finding that Mr. Cadzow's opinions lack credibility is binding on the court. *Young v. Pistorio*, 715 A.2d 1230 (Pa. Commw. 1998); *Collier Stone Company v. Zoning Hearing Board of the Township for Collier,* 710 A.2d 123 (Pa. Commw. 1998). This credibility determination, however, does not end the inquiry.

The board made no finding that the Auction's application contained the information required by sections 701.2 and 701.3 of the ordinance which set out the information which must be provided on the zoning permit application. On the contrary, in its conclusions of law, the board implicitly recognized that the Auction had *not* provided all of the required information.

"(14) It is not possible for an applicant to delineate the 'exact location and dimensions of any structures' (zoning ordinance §701.2.1B), 'location of all . . . proposed buildings, driveways, . . .' (zoning ordinance §701.3.2), 'engineering plans for treatment and disposal of sewage' (zoning ordinance §701.3.4) and similar matters prior to submission and approval of a preliminary plan.

"(15) To require an applicant for conditional use approval to delineate 'exact location and dimensions of any structures,' 'location of all . . . proposed buildings, driveways . . .,' 'engineering plans for treatment and disposal of sewage' and similar matters would place an applicant

in a catch-22 in light of the requirement at section 601.01 of the subdivision ordinance that an applicant obtain conditional use approval before the applicant can submit a preliminary plan." (Decision, December 10, 2001, conclusions of law, paragraphs 14, 15.)[11]

Having reviewed the record before it, the court is compelled to find that the conclusion it is not possible for an applicant to provide the information required by sections 701.2 and 701.3 of the ordinance is not supported by substantial evidence.

Zoning ordinances are to be construed in a sensible manner to preserve their validity. *Council of Middletown Township v. Benham,* 514 Pa. 176, 523 A.2d 311 (1987). A municipality cannot construe its ordinances in a manner which effectively precludes compliance with them. *Id.* The board cited no evidence in the record nor gave a cogent explanation why compliance with the requirements of sections 701.2 and 701.3 of the ordinance is not possible. The ordinance requires only that the specified information be *provided* in the application for conditional use, *not* that any zoning permit or preliminary plan approval be *obtained* from the appropriate municipal authority prior to submission of the application for conditional use.

In its findings of fact, the board stated that since the enactment of the ordinance in 1993, it has considered numerous applications for conditional use and has never required an applicant to submit an application which meets all of the requirements of section 701 of the ordinance. (Decision, December 10, 2001, findings of fact,

---

11. The subdivision ordinance referred to is not part of the record certified to the court as part of this land use appeal.

paragraphs 77 and 78.) The board did not require the Auction to do so in its application which resulted in the 1995 decision. (*Id.,* findings of fact, paragraph 79.)

The board's interpretation of its own ordinance is entitled to weight and deference by the court. *Borough of Milton v. Densberger,* 719 A.2d 829 (Pa. Commw. 1998). However, deleting specific requirements from the ordinance as written does not constitute interpretation. The principles of the Statutory Construction Act are applicable to municipal ordinances. *Board of Supervisors of Richland Township v. Tohickon Creek Associates,* 123 Pa. Commw. 111, 553 A.2d 492 (1989) (citing *Appeal of Neshaminy Auto Villa Ltd.,* 25 Pa. Commw. 129, 358 A.2d 433 (1976)). These principles require that the ordinance be construed, if possible, to give effect to all of its provisions, *Appeal of Neshaminy Auto Villa Ltd.,* 25 Pa. Commw. 129, 358 A.2d 433 (1976), and that if the words are clear and free from ambiguity, the letter of the ordinance is not to be disregarded under the pretext of pursuing its spirit. See 1 Pa. C.S. §§1921(a), (b). The Auction cannot, over appellants' objection, rely on a practice of "interpreting" the ordinance which simply deletes specific requirements for a conditional use.[12] Inconvenience to the applicant is not a valid reason to dispense with compliance with the ordinance as written.

Zoning is the legislative division of a community into areas in each of which only certain designated uses of land are permitted so that the community may develop in an orderly manner in accordance with a comprehensive plan. *Best v. Zoning Board of Adjustment,* 393 Pa.

---

12. If in the board's opinion section 704.1 as it exists is unduly burdensome, the board is free to amend that section of the ordinance.

106, 141 A.2d 606 (1958). The Auction contends that zoning regulates the use of land, not the particulars of its development and construction, citing *In re Brickstone Realty Corp.,* 789 A.2d 333 (Pa. Commw. 2001). The Auction stressed to the board and argues to the court that application for conditional use is only the first step in the land development process in this case.

It is correct, as the Auction asserts, that an application for a zoning permit is a separate procedure apart from the application for conditional use and would be required only after a landowner has been granted conditional use. *In re Application for Conditional Use Approval of Saunders,* 161 Pa. Commw. 392, 636 A.2d 1308 (1994). In *Saunders,* the requirements for conditional use were relatively few and simple. If, on the other hand, the requirements for conditional use are more stringent under the particular ordinance, all of the requirements must nonetheless be met. *East Manchester Township v. Dallmeyer,* 147 Pa. Commw. 671, 609 A.2d 604 (1992); *In re Appeal of Baird,* 113 Pa. Commw. 637, 537 A.2d 976 (1988).

The Auction cites the decision of the Commonwealth Court in *In re Brickstone Realty Corp.,* 789 A.2d 333 (Pa. Commw. 2001), in support of its position that compliance with the provisions of section 704.1 to furnish the information required on the zoning permit application is unnecessary at this stage of the development process.

In *Brickstone Realty Corp.,* the zoning hearing board denied an application for a special exception to construct a hotel. *Id.* Among the issues on appeal was the alleged failure of the developer to meet requirements of the zoning ordinance by providing a floor plan of the proposed

hotel drawn to scale and a plot plan showing distances to buildings on adjacent lots. *Id.* The Commonwealth Court rejected this argument finding that the plans presented by the developer indicating the nature, size and location of the proposal were adequate. *Id.* The opinion, however, does not indicate whether the information the opponents of the project claimed was missing was required by the ordinance to obtain a special exception or only later in the land development process. As the specific requirements for obtaining a special exception under the ordinance were not identified, this opinion does not require affirmance of the board's decision in the present case.

Finally, appellants argue that the application must be rejected because it is only a "concept plan," and cite *In re Appeal of Stoltzfus from Upper Leacock Township Zoning Hearing Board,* 73 Lanc. L. Rev. 162 (1992). Since the court has concluded that the application fails to conform to the requirements of the ordinance, it is not necessary to address this issue. The court notes, however, that the application in this instance is certainly more definite than the proposal before the court in *Stoltzfus.*

For the reasons set forth above, the court must conclude that the Penn Township Board of Supervisors erred in determining that the Auction had met the requirements of section 704 of the ordinance and in granting the Auction's application for conditional use. The court, therefore, enters the following:

## ORDER

And now, October 10, 2002, the appeal from the December 10, 2001 decision of the Penn Township Board

of Supervisors granting the application of Manheim's Pennsylvania Auction Services Inc., doing business as Manheim Auto Auction for conditional use approval is sustained. The decision of the Penn Township Board of Supervisors is reversed.